## THE STATE v. MINOR, *Appellant.*

### Division Two, June 27, 1893.

1. **Criminal Practice:** BURGLARY: WITNESS. Where a person has been tried and convicted of burglary, he is a competent witness for the state on the trial of a codefendant jointly indicted with him for the same offense.

2. ———: DEFENDANT TESTIFYING IN HIS OWN BEHALF, IMPEACHMENT OF. Where defendant testifies as a witness in his own behalf, it is not error to permit the state to read in evidence a certified copy of a record of the court of another county showing his conviction therein of assault with intent to commit rape.

3. ———: ACCOMPLICE: INSTRUCTIONS. Cautionary instructions as to convicting on the uncorroborated testimony of an accomplice examined and approved.

*Appeal from Morgan Circuit Court.*—HON. J. R. EDWARDS, Judge.

AFFIRMED.

*John D. Bohling* for appellant.

(1) Error was committed by the trial court in permitting Jarrett Fowler, jointly indicted with the defendant, but not put upon his trial with him, to testify on behalf of the state and against the defendant. Revised Statutes, 1889, sec. 4217; 1 Bishop on Criminal Prosecutions, sec. 1020; *State v. Chyo Chiagk*, 92 Mo. 396; *State v. Clump*, 16 Mo. 383; *State v. Underwood*, 57 Mo. 40; *State v. Walker*, 98 Mo. 103. The testimony of a defendant against his codefendant is not admissible as long as he remains a party to the record. 1 Greenleaf on Evidence, sec. 363. (2) The court erred in admitting in evidence the certified copy of the indict-

ment and records made thereon, from the Cole county circuit court. Evidence, whether in support of, or against, the character or credibility of a defendant or witness, must be confined to general reputation and cannot be extended to particular facts. *State v. Reed,* 85 Mo. 194; *State v. Reavis,* 71 Mo. 419; *State v. Tabor,* 95 Mo. 585; *Seymour v. Farrell,* 51 Mo. 95; *Warlick v. Peterson,* 58 Mo. 408. (3) Nor can the defendant's character be assailed till he voluntarily puts it in issue. *State v. Nelson,* 98 Mo. 417; *State v. Creson,* 38 Mo. 372; 5 Cush. 525; 14 Wend. 111; 8 Humph. 118; 3 Greenleaf, Evidence, sec. 25. (4) Instruction number 5, given on the part of the state, is erroneous. A jury should not convict on the uncorroborated testimony of an accomplice. *State v. Walker,* 98 Mo. 98; *State v. Jones,* 64 Mo. 391; *State v. Chyo Chiagk,* 92 Mo. 395; *State v. Reavis,* 71 Mo. 419; 1 Greenleaf on Evidence, sec. 380.

*R. F. Walker,* Attorney General, and *J. A. Blevins,* Prosecuting Attorney, for the state.

(1) The indictment is sufficient and clearly charges the crime of which defendant was convicted. *State v. Tyrrell,* 98 Mo. 356; *State v. Henley,* 30 Mo. 508. (2) The record of the former conviction of defendant was competent for the purpose of affecting the credibility of his testimony. It was offered for this purpose, and no error was committed in admitting it. *State v. Nelson,* 98 Mo. 418; *State v. Taylor,* 98 Mo. 240; *State v. Loehr,* 93 Mo. 103; *State v. Rugan,* 68 Mo. 214; *State v. Kelso,* 76 Mo. 505. Instruction number 5, given upon the part of the state, restricted the jury to the consideration of testimony for that purpose only. Jarrett Fowler, having been found guilty by a jury and having been sentenced, was, notwithstanding

he was a codefendant, a competent witness on the part of the state. *State v. Hunt*, 91 Mo. 402, and authorities cited; *State v. Beaucleigh*, 92 Mo. 490; *State v. Jackson*, 106 Mo. 174. (3) The defendant complains of instructions numbered 1, 2, 5 and 6, given at the instance of the state. The first and second instructions authorize the jury to convict if they find that defendant raised a closed outside window of said building, and entered therein by putting the hand and arm or any other part of the body through the opening thus made, and within the building, with the intent to steal the goods therein deposited. Such facts constitute a sufficient breaking and entry. *State v. Tutt*, 63 Mo. 598; *State v. Kennedy*, 101 Mo. 162; 2 Russell on Crimes, p. 910; Wharton's Criminal Law [4 Ed.], sec. 1550. (4) The fifth and sixth instructions, given at the instance of the state, as to the evidence of the accomplice, were passed upon and approved by this court in a case similar to the one at bar. *State v. Harkins*, 100 Mo. 672; *State v. Jackson*, 106 Mo. 174. (5) The punishment is not excessive. Eight years' imprisonment for burglary in the second degree is a very moderate sentence when compared with the minimum and maximum penalties prescribed by the legislature for said offense. The punishment shall be not less than three years' imprisonment, and may be for life. The question whether punishment is too severe and disproportionate to the offense is for the legislature. Revised Statutes 1889, sec. 3528; *State v. Williams*, 77 Mo. 310; *Com. v. Hutchins*, 5 Gray, 482.

BURGESS, J.—At the February term, 1892, of the circuit court of Morgan county the defendant, a negro, and one Fowler were convicted of burglary in the second degree under a joint indictment against them. Defendant Minor was granted a new trial, and upon

another trial at the same term was again convicted of burglary in the second degree, his punishment assessed at eight years in the penitentiary and after unsuccessful motions for new trial and in arrest he appealed to this court.

On the trial of defendant the state was permitted, over his objection, to introduce as a witness against him, Jarrett Fowler, his accomplice, who had already been tried and convicted under the same indictment, and this is assigned as error. The contention is that Fowler, although tried and convicted, was still a party to the record and was therefore incompetent to testify against the defendant on trial. This precise question was passed upon by this court in the case of the *State v. Jackson*, 106 Mo. 174, and it was there held that where one of two persons jointly indicted has pleaded guilty, he is competent to testify against the other defendant, and can do so without judgment having been rendered against him. There is no perceptible difference so far as the legal effect is concerned between a plea of guilty and conviction by jury. In the case of the *State v. Jackson, supra,* the court says: "We have no statute declaring a codefendant who had pleaded guilty or been convicted, a competent witness in behalf of the state, and we are relegated to the common law to determine Murray's competency. Bishop lays down the correct rule thus: 'Whereupon the law is, that a joint defendant cannot be a witness against the others, even on separate trial, till the case is disposed of as to him by a conviction or acquittal or by a *nolle prosequi.* But judgment on the conviction need not be rendered; therefore the defendant who is to testify pleads guilty, and then testifies.' 1 Bishop on Criminal Procedure [3 Ed.], sec. 1166; *Com. v. Smith,* 12 Metc. 238; Wharton's American Criminal Law, sec.

794; 1 Phil. on Evidence [4 Am. Ed.], 645; Wharton on Criminal Evidence [9 Ed.], sec. 439.'' Fowler was a competent witness, and the court committed no error in allowing him to testify.

Defendant testified as a witness in his own behalf, and the state, over his objection, for the purpose of affecting the credibility of defendant as such witness, was allowed to read in evidence a certified copy from the records of the Cole county circuit court, showing his conviction in that court for assault with intent to commit rape. It is only when a defendant testifies as a witness that evidence can be introduced tending to show him unworthy of belief or impeaching his character as a witness. Not as the defendant, but as a witness. As a defendant, his character cannot be assailed, until he offers evidence for the purpose of showing it good, but an entirely different rule prevails when he testifies as a witness, as in such case, so far as impeaching him is concerned, and attacking his character for truth and veracity, the same rules of law apply to him, as to any other witness. *State v. Nelson*, 98 Mo. 414, and authorities cited; *State v. Taylor*, 98 Mo. 240.

A final contention is, that the court erred in giving the fifth instruction on behalf of the state, which, in effect, told the jury that they were at liberty to convict the defendant on the uncorroborated testimony of his accomplice, Fowler, alone, if they believed such testimony to be true. In connection with this instruction the court also instructed the jury ''that the testimony of an accomplice in a crime, that is a person who actually, commits or participates in the crime, is admissible in evidence, yet the evidence of an accomplice in crime, when not corroborated by some person or persons not implicated in the crime as to matters material to the issues, that is matters connecting the defendant with the commission of the

crime as charged against him, ought to be received with great caution by the jury before they should convict the defendant on such testimony." These instructions seem to be literal copies of the instructions given and approved by this court in the case of the *State v. Harkness*, 100 Mo. 666; see, also, *State v. Jackson*, 106 Mo. 174, and authorities cited.

Not only this, but the court, at the request of defendant, gave the jury, among others, the following instruction: "The jury are instructed that the evidence of Jarrett Fowler against the defendant, admitted in evidence by the court, unless corroborated by the evidence of others not implicated in the crime charged, ought to be received with great caution by the jury, and they should be fully satisfied of the truth, before they convict him on such evidence."

The instructions, when taken as a whole, presented the case to the jury with absolute fairness, and the verdict is amply sustained by the evidence. The judgment is affirmed. All concur.