Smith v. Hauger.

SMITH et al., Appellants, v. HAUGER.

Division One, June 14, 1899.

1. **Judgment of Probate Court**: SETTING ASIDE.   The judgment of a probate court finally settling and distributing an estate and discharging an executor is a final judgment, which, after the expiration of the term at which it was entered, can not be set aside by that court, nor by any other court except in a direct proceeding in equity on the ground of fraud perpetrated upon the court in the very act of procuring the judgment.

2. **Setting Aside Judgment**: NOTICE: SUMMONS.   In a proceeding to set aside a judgment, after end of term at which it was entered, the parties concerned must be brought into court by a summons, and not by a notice from one to the other.

3. ———: DISTRIBUTION: SPECIFIC LEGACIES.   Where a will gives a certain sum to a legatee, and at the final settlement of the estate he stands by and consents to the final settlement, order of distribution and discharge of the executor, and does not except to the order nor appeal from it, it is final and conclusive upon all persons interested, and the probate court has no authority to set the same aside on the ground that it was acquiesced in by him under a "misapprehension of the fact," or that it was founded upon a "verbal agreement" by the other legatees to pay the special legatee his legacy, which had not been lived up to.

4. ———: ———: ———: EJECTMENT.   And where the probate court in such case makes such order, and the land of other legatees is sold to pay the special legacy, the purchasers at the executor's sale take no title.

*Appeal from Clinton Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

TURNEY & GOODRICH for appellants.

(1) If this was a contest between William H. Hauger and the defendant the judgment of the circuit court must be reversed unless the probate court lost jurisdiction by the final settlement, its approval and the discharge of the executrix because: First. All the parties interested in the estate of William Hauger, deceased, among them the defendant, had personal notice of all the proceedings which culminated in the sale of the land, its approval by the probate court and the conveyance to the plaintiffs; and if any of the orders and judgments of the court were irregular or not warranted by the evidence, they or one of them, should have appealed. Second. This suit is collateral to the judgments and orders of the probate court and unless these are void the defense in this suit must fail. They are not void if the court had jurisdiction to enter any judgment or order in the case. Sherwood v. Baker, 105 Mo. 472; Hamer v. Cook, 118 Mo. 476. (2) The probate court had jurisdiction to order the payment of the legacy notwithstanding the final settlement, its approval and the discharge of the executrix. Nelson v. Barnett, 123 Mo. 564. The verbal agreement, mentioned in the petition of Wm. H. Hauger, was made as alleged in the petition by the defendants, that is, by all the parties having an interest in the estate. That it could be enforced against the executrix is another assumption not justified by anything in the case and is in the face of the judgment of the probate court. Hendrickson v. Railroad, 34 Mo. 188. (3) The final settlement was a final judgment only as to the matters included in it and it was not necessary to allege or prove that the settlement was made under a "misapprehension of fact." Such an allegation would have been necessary if reference had been made to the legacy, or its payment had been alleged in the settlement; but not otherwise. The probate court in granting the relief asked for in the petition was not necessarily exercising the powers of

a court of equity. Perpetual Ins. Co. v. Cohm, 9 Mo. 421; Fahy v. Gordon, 133 Mo. 414. But the claim made in the petition was a money demand against the estate of William Hauger, deceased, and even if of equitable cognizance, the probate court had jurisdiction. Hoffman v. Hoffman, 126 Mo. 486; Hammons v. Renfrow, 84 Mo. 332. (4) The defendant is estopped to deny plaintiff's title. He had personal notice of the petition of William H. Hauger, of the application of the administrator to sell land for the payment of this legacy, of the sale of plaintiffs, of the confirmation of the sale by the probate court, of the execution and delivery of the deed to the plaintiffs, and at no time interposed an objection. The money paid by plaintiffs for the land sued for satisfies a legacy to which his interest in the land was subject. Rice v. Burns, 49 Mo. 231; Austin v. Loring, 63 Mo. 19. And it makes no difference even if the proceedings under which the sale occurred were void for want of jurisdiction. Austin v. Loring, 63 Mo. 19.

Wm. Henry for respondent.

(1) A final settlement of an executor or administrator is a final judgment of the probate court and occupies the position of a final judgment of a court of general jurisdiction, and must stand until reversed on appeal or writ of error, or set aside in a court of equity on the allegation of fraud. Sheetz v. Kirtley, 62 Mo. 417; 2 Woerner's Am. Law of Adm., 1130; State ex rel. v. Gray, 106 Mo. 533; Miller v. Major, 67 Mo. 248; Garner v. Tucker, 61 Mo. 431; Lewis v. Williams, 55 Mo. 200; Nelson v. Barnett, 123 Mo. 565; Baldwin v. Davidson, 139 Mo. 125. (2) There is no authority to sell lands to pay debts and legacies after final settlement, unless the final settlement be first set aside and the administration re-opened by a proper proceeding. Titterington v. Hoker, 58 Mo. 593; R. S. 1889, sec. 145; Garner v. Tucker, 61 Mo. 431; Wilkerson v. Allen, 67 Mo. 509. (3) Such

court may lose jurisdiction once acquired, after which it can make no further valid order or judgment, and this rule applies after a final judgment in a case.    Lavit v. Russells, 138 Mo. 483; 1 Black on Judgs., sec. 306; Freeman on Judgs., sec. 121.

MARSHALL, J.—Ejectment to recover twenty acres of land in Clinton county.    The petition is in the usual form and the answer is a general denial.    The facts are these:    In December, 1884, William Hauger died testate, seized of certain lands, those here involved included, and certain personal property.    He devised the personal property to his wife, Christina, absolutely, and gave her a life estate, without power of disposal, in the real property, and the remainder in the real estate he bequeathed to his two sons, Andrew Dickson Hauger (the defendant) and Jonathan Hauger in fee simple absolute, in equal parts.    He appointed his wife executrix, without bond.    Then he directed that after the. debts were paid his wife should pay to his children "in the order named each of the following specific legacies, to William H. Hauger, one hundred and fifty dollars, Amanda Myers one dollar, Luranna Adaline Smith one dollar, Nancy A. M. Hauger one dollar, Isaac Leonidas Hauger one dollar, and to Aaron Lewis Hauger one dollar."

The executrix administered the estate, and, after proper notice, made final settlement on the 3d of February, 1894, on which it appeared that there was a balance due the estate of $121.68, and the court finding that all the debts, costs and expenses had been fully paid, ordered the said balance to be paid to the widow as the legatee of the personal property, and the 16th of February, 1894, entered final judgment discharging the executrix.

On the 15th of February, 1895, William H. Hauger, one of the specific legatees, presented a petition to the probate court of Clinton county, in which he represented to that court that the executrix had paid all the debts of the estate but had

not executed the will, in that she had not paid him the specific legacy of one hundred and fifty dollars, bequeathed to him by his father, and further alleging: "That on the —— day of ——, 1894, the said Christina Hauger made an alleged final settlement of her accounts as such executrix, this legatee interposing no objection because a verbal agreement for the payment of said legacy had been entered into between plaintiff and defendants" (the petition was entitled William H. Hauger, plaintiff, v. Christina Hauger, Andrew D. Hauger and Jonathan Hauger, defendants), which defendants had refused to carry out, and asking the court "to disregard said settlement so far as the same is held to be a final settlement of said estate and that the said executrix be required to execute said will specifically by paying plaintiff the said legacy of one hundred and fifty dollars with interest on said sum at the rate of 6 per cent per annum and for such purpose to sell any part of said real estate devised to ·defendants as aforesaid and for other relief." The persons named as defendants were served by the sheriff on December 6th, 1894, with a copy of the petition and a notice from the person named as the plaintiff and signed by his attorney, that he would present the petition to the probate court of Clinton county at its February term to begin on the second Monday in February, 1895.

It does not appear from anything in the record in this case whether the so-called defendants appeared in the probate court as so required or not, but on the 15th of February, 1895, that court entered an order reciting the filing of the petition, and stating that it had been proved to the satisfaction of the court that notice of the application had been given "to the above named defendants," and that, "the court being satisfied" (it does not state that any proofs were adduced or evidence heard—just "satisfied") "that the settlement as made by the executrix as and for a final settlement was made by her and acquiesced in by all the parties hereto under a misapprehension of fact" (it is not stated what that fact was which the

parties misapprehended), the court finds that the said William H. Hauger under and by virtue of said will is entitled to the sum of one hundred and fifty dollars, and that the same dominates the residuary devise or legacy given by the terms of said will to the defendants, and that the legacy aforesaid had never been paid in whole or in part," and then the court found that this legacy should have been paid one year after the grant of the letters, and that it was demanded and so plaintiff is entitled to interest from that date, and thereupon the court ordered the executrix (whom the court had discharged a year before) to pay William H. Hauger, two hundred and thirty-one dollars, "and that if necessary she shall sell any part of the property, personal or real, for such purpose, and that she report her proceeding hereunder for approval."

This order must have been a most disastrous shock to the mind of the executrix, for it appears from the further order entered by the same probate court on the 30th of May, 1895, that on the same day it entered its first order (February 15th, 1895), the same probate court adjudged the said Christina Hauger *"to be a person of unsound mind and incapable of managing her own affairs, leaving a part of said will unexecuted,"* and therefore, "to the end that said will may be duly and fully executed and that said estate may be fully and duly executed and legally disposed of," the court appointed E. C. Hall administrator d. b. n. c. t. a. with full power "to receive and dispose of said property according to law," etc. Hall sold the property here involved to pay this legacy, to the plaintiffs in this action for $310, the probate court approved the sale, and Hall executed and delivered to the plaintiffs herein a deed to the land, and this is plaintiffs' only title to the property.

The defendant refused to surrender the land and plaintiffs instituted this action. The case was tried in the circuit court without a jury, neither party asked any instructions and

the court gave none, and upon these undisputed facts the circuit court entered judgment for defendant, and plaintiffs have brought the case to this court.

## I.

This case is *sui generis*, without a precedent or parallel in the books.   The specific legatee  stood by and consented to a final settlement and distribution of the estate without demanding his legacy, because of a  verbal  agreement  between himself and the other legatees that they would pay his legacy. A year afterwards he gave the other legatees notice that on a day certain he would file a bill in equity in the probate court setting out these facts, and would ask the probate court to "disregard" the final settlement and order the real estate devised to defendants sold to pay his legacy.   At the time named he filed his bill, and that court found that the final settlement was made and acquiesced in by all the parties "under a misapprehension of fact," and so entered judgment for the specific legatee for the amount of his legacy with interest thereon beginning to run one year after the grant of the letters testamentary and ordered the executrix, whom it had discharged more than a year previously, to pay the judgment and if necessary to sell the real and personal property lately being but then fully administered upon to pay the same. Thus without attempting to set aside the final judgment, upon a petition to "disregard" it, because other persons had not carried out a "verbal agreement" with him when he stood by and saw the final ·judgment entered without objection, the probate court entered a decree that the final settlement had been made and acquiesced in "under a misapprehension of fact," awarded the petitioner a judgment and ordered the personal and real property of the closed estate sold to pay the judgment. This would be bad enough, but when it appears that the other legatees were only attempted to be brought into court by notice and not by summons as the statute requires a defendant

to be brought into court, and when we observe that on the same day the probate court entered its decree in equity, it also adjudged the principal "defendant" to be "a person of unsound mind and incapable of managing her own affairs, leaving a part of said will unexecuted," and without removing her, a few days thereafter appointed another person administrator d. b. n. c. t. a., the performance becomes Shakespearian and may be properly designated "a comedy of errors."

A judgment of a probate court finally settling and distributing an estate and discharging an executor is a final judgment, which, after the expiration of the term at which it is entered, can not be set aside by that court at all, and not by any other court, except in a direct proceeding, in equity, on the ground of fraud perpetrated upon the court in the very act of procuring the judgment, and this implies that the parties shall have been brought into court by a summons and not by a mere notice from one to the other. [Garner v. Tucker, 61 Mo. l. c. 431; Sheetz v. Kirtley, 62 Mo. 417; Miller v. Major, 67 Mo. l. c. 248; State ex rel. v. Gray, 106 Mo. l. c. 533; McClanahan v. West, 100 Mo. l. c. 320; Nelson v. Barnett, 123 Mo. l. c. 570; Baldwin v. Davidson, 139 Mo. l. c. 125; Howell v. Jump, 140 Mo. 441.]

"After the time has elapsed for the allowance of claims against an estate and when all demands and charges of every kind have been settled, and the sole duty remains upon the part of the executor to pay the legacies, or of the administrator to make distribution, and he fails so to do, an action may be maintained against him for this breach of duty without waiting for an order of distribution by the probate court." [Clarke v. Sinks, 144 Mo. l. c. 453.] But even this rule will not avail in this case, because the probate court made an order of distribution, which the specific legatee consented to for reasons which then seemed sufficient to him. This order was not excepted to or appealed from, and stands unimpeached in any proper proceeding, and is final and conclusive upon all persons

interested in the estate. The action of the probate court was not only erroneous in holding that the final settlement was made and acquiesced in by the parties "under a misapprehension of fact" when the very petition upon which the court was acting did not so complain or intimate, but on the contrary expressly stated it was founded upon "a verbal agreement" between the legatees which had not been lived up to by them, but that action was wholly *coram non judice*, because it acquired no jurisdiction over the parties by mere notice from one to the other, and it had no jurisdiction over the subject-matter and therefore had not "a constitutional power to commit error." The sale at which the plaintiffs acquired apparent title was void and the deed under which they claim is a nullity.

The judgment of the circuit court is right and is affirmed. All concur.