THE STATE v. LUTHER BUNCH, Appellant.

Division Two, March 19, 1925.

1. **INFORMATION**: Intoxicating Liquor: Use of Still, Worm, Etc. The information, set out in full in the statement, charging that the appellant did feloniously use a still, worm, doubler and other distilling and brewing utensils for manufacturing intoxicating liquor for sale, is sufficient in law, in both form and substance. It did not attempt to charge more than one offense in the same count, and it informed defendant of the charge he was compelled to meet.

2. **SEARCH WARRANT.** If no prior motion is filed to suppress evidence procured by a search warrant it is not error to admit such evidence.

3. ———: For Another. Defendant cannot complain that a warrant to search the premises of his father was illegal.

4. **USE OF STILL**: Instruction: Based on Statute. The information, based on the statute prohibiting the use of a still, worm, doubler and other distilling and brewing utensils in the manufacture of intoxicating liquor for sale, being sufficient, instructions based

upon said statute and correctly informing the jury of all the law necessary for them to consider, are not erroneous.

5. **VENUE: Insufficient Showing.** Under the statute (Sec. 3908, R. S. 1919) a conviction cannot be reversed on the ground that the venue was not properly shown, even though it is not as clearly shown as it should have been.

Citations to Headnotes: 1, Indictments and Informations, 31 C. J. 180, 328; Intoxicating Liquors, 33 C. J. 451; 2 and 3, Criminal Law, 1110; 4, Intoxicating Liquors, 33 C. J. 547; 5, Criminal Law, 17 C. J. 3750.

Appeal from Shannon Circuit Court.—*Hon. E. P. Dorris,* Judge.

AFFIRMED.

*Jesse W. Barrett,* Attorney-General, and *Wm. L. Vandeventer,* Special Assistant Attorney-General, for respondent.

(1) The information followed the words of the statute and was sufficient. Laws 1913, sec. 2, p. 237; State v. Nash, 283 Mo. 32; State v. Brown, 262 S. W. 710. (2) Before it is error to introduce evidence secured by virtue of an illegal search warrant, timely motion to suppress must be filed. Such was not done in this case. State v. Lock, 259 S. W. 125; State v. Owens, 259 S. W. 102. (3) Defendant cannot complain of the search by virtue of an illegal warrant, where the premises searched are not his. Lakes v. Commonwealth, 254 S. W. (Ky.) 908; Bowling v. Commonwealth, 193 Ky. 642; Lusco v. United States, 287 Fed. 69; United States v. Kaplan, 286 Fed. 963; Jones v. United States, 296 Fed. 632. (4) The instructions fully covered the case, including presumption of innocence and reasonable doubt.

RAILEY, C.—On March 7, 1924, the Prosecuting Attorney of Shannon County, Missouri, filed in the circuit court of said county, an information, which, without its caption and verification, reads as follows:

"L. N. Searcy, Prosecuting Attorney within and for the County of Shannon and State of Missouri, under his oath of office and upon his own knowledge, information and belief, informs the court that Luther Bunch, on or about the 6th ·day of December, 1923, at the County of Shannon and State of Missouri, did then and there unlawfully, willfully and feloniously use in this State a still, worm, doubler and other distilling and brewing equipment and utensils in the process of distilling, brewing and manufacturing intoxicating liquor for sale, contrary to law and against the peace and dignity of the State.

The defendant was formally arraigned and entered a plea of not guilty. He was placed upon trial before a jury and, on March 10, 1924, the following unanimous verdict was returned:

"We, the jury find the defendant, Luther Bunch, guilty, as charged in the information, and we do assess his punishment at two (2) years in the State Penitentiary."

Defendant, in due time, filed motions for a new trial and in arrest of judgment, both of which were overruled. After judgment was entered, and sentence pronounced on defendant in conformity to the verdict aforesaid, he was granted an appeal to this court.

The defendant interposed a demurrer to the evidence at the conclusion of the State's case, which was overruled. He stood upon said demurrer, and offered no testimony at the trial of the cause.

The evidence of the State tends to show that W. B. Powell, Deputy Sheriff of Shannon County, who lived at Eminence in said county, had a search warrant for the farm of Andrew Bunch, located in Moore Township. Appellant is the son of said Andrew Bunch. The deputy sheriff aforesaid, armed with said search warrant, searched the premises of Andrew Bunch, and found in the smokehouse of the latter a half bushel of sprouted corn, and up in the field of said Andrew Bunch found three barrels of mash, and an iron barrel and doubler, used in the manufacture of intoxicating liquor, but no

worm was found. After the place had been searched, and the mash found, Powell came back to the house of Andrew Bunch, and defendant went with him up to the still. It had snowed the night before, and they tracked the wagon to where the mash was found. While at the house, the deputy sheriff said to Andrew Bunch:

"I found this mash and stuff on your farm, but you are not able to go to town, but in my judgment when you get able to come the prosecuting attorney will get a warrant out against you, and you come."

Thereupon Luther Bunch, the *defendant,* spoke up and said "No," the stuff belonged to him, and that his partner had the worm.

There was other evidence offered on the part of the State tending to show that the defendant, when he was brought to town, made the statement that he had made whiskey and sold it in three counties, to-wit, Reynolds, Dent and Shannon. He was referring to the still at this time.

This was substantially all of the testimony in the case.

The pleadings, motions, instructions and rulings of the court, as far as necessary, will be considered in the opinion.

I. The body of the information is heretofore set out in full and is sufficient in law, as to both form and substance. [Laws 1923, sec. 2, p. 237; Information. State v. Nash, 283 Mo. 32, 222 S. W. 396; State v. Brown, 262 S. W. (Mo.) l. c. 711.]

Section 2, Laws 1923, supra, reads as follows:

"If any person shall use in this State any still, worm, doubler, or other distilling, or brewing equipment or utensils whatsoever, in the process of distilling, brewing, or otherwise manufacturing any intoxicating liquor for sale or transportation for sale contrary to the provisions of this act, he shall be deemed guilty of a felony, and, upon conviction thereof, punished by imprisonment in the State Penitentiary for a term of two years. . . ."

The appellant has filed no brief in this court, but we find on examination that in his motion for a new trial he complains of the court's rulings in several particulars which will be considered.

II.  Defendant filed a motion to quash the information, on the ground that it attempts to charge more than one offense in the same count, and because defendant was not informed as to which charge he would be compelled to meet.  The information is heretofore set out and speaks for itself.  It sufficiently informed defendant as to the charge which he was required to defend against, and is not subject to the criticism leveled against it.  The court committed no error in overruling the motion to quash the information.

*Specific Charge.*

III.  The defendant filed a motion to require the State to produce the search warrant under which the Deputy Sheriff of Shannon County searched the premises of Andrew Bunch, the father of defendant.  The court sustained said motion, and the search warrant could not be found, but it appears from the evidence of the deputy sheriff that the search warrant called for, empowered the officer to search the premises of *Andrew* Bunch for violations of the State Prohibition Law and, while acting under this warrant, the *appellant admitted* that the still, etc., seized by the officer, was *his* property, that he had been *using* the same for manufacturing whiskey, and selling same in Shannon County and other counties of this State, as set out in the preceding statement.  No motion was filed by defendant to suppress the evidence secured by the above search warrant and, hence, the trial court cannot be convicted of error in admitting said testimony.  [State v. Lock, 259 S. W. (Mo.) 116; State v. Owens, 259 S. W. 102; State v. Merrell, 263 S. W. l. c. 122.]

*Search Warrant.*

In the Merrell case, Judge BLAIR, at page 122, quoted from the opinion of Judge WHITE, in the Owens case, supra, the following: "When evidence is offered and

objection that it was obtained by illegal means is then made for the first time, the court will determine only whether the evidence is relevant and competent. It will not pause to determine the collateral question as to how the evidence was obtained.''

(a) Aside from the foregoing, defendant is in no position to complain of an alleged illegal warrant to search the *premises of his father.* [State v. Perry, No. 25,669, decided by this Division on December 31, 1924; Lakes v. Commonwealth, 254 S. W. (Ky.) 908; Bowling v. Commonwealth, 237 S. W. (Ky.) 1. c. 384; Lusco v. United States, 287 Fed. 69; United States v. Kaplan, 286 Fed. 963; Jones v. United States, 296 Fed. 632.]

IV. A general charge is contained in the motion for a new trial to the effect that all the instructions given in the case are erroneous. No specific objection is made as to any of them. The instructions given, are in proper form, based upon the Prohibition Law of 1923, heretofore mentioned, and correctly informed the jury as to all the law that was necessary for them to consider in passing upon the merits of the case.

Instructions.

V. There is no complaint in either the motion for a new trial or motion in arrest of judgment to the effect that the venue in the case was not properly shown. The evidence is not as clear in respect to this matter as it should have been, but we think it was sufficient to sustain the verdict in the case. Aside from the foregoing, Section 3908, Revised Statutes 1919, provides as follows: ''No indictment or information shall be deemed invalid, nor shall the trial, *judgment or other proceedings* thereon be stayed, arrested or *in any manner affected,* . . . *for want of a proper or perfect venue; nor for want of any venue at all.*'' (Italics ours.)

Viewed from any angle, no controversy can arise on the record as to the insufficiency of the evidence in respect to the venue.

VI. The defendant is not only here without any brief, but without any testimony in the case. Upon a careful examination of the record, we think defendant was properly convicted upon substantial evidence, without any error having been committed against him of which he can legally complain.

The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—The foregoing opinion of RAILEY, C., is adopted as the opinion of the court. All of the judges concur.