State v. Shelton.

THE STATE v. JOHN D. SHELTON, Appellant.

In Banc, May 21, 1926.

1. **SEARCH WARRANT: Validity: Moot Question.** Where the evidence on which defendant was convicted was not obtained by means of a search and seizure, the validity of a search warrant issued by a justice of the peace is a moot question, which it is unnecessary to decide. Where the information in its first count charged defendant with unlawfully having in his possession six gallons of mash, then being used and fit for use in the unlawful manufacture of intoxicating liquor for beverage purposes, and in the second count with wilfully and unlawfully manufacturing intoxicating liquors for beverage purposes, and at the trial the first count was abandoned, and he was convicted on the second count upon the testimony of witnesses other than the officers, the validity of a search warrant by means of which the officers obtained a certain amount of mash presents simply a moot question, unnecessary to decide.

2. ———: **Issued by Justice of Peace: Facts on Which Based Controverted in Circuit Court: Collateral Attack: Moot Question.** The verified application of the prosecuting attorney for a search warrant contained a statement of all the facts required by the statute to be stated in the petition for the issuance of a search warrant to search defendant's dwelling house and barn, in which, it stated, "intoxicating liquor is being unlawfully manufactured, sold, stored and kept," and the justice of the peace with whom the application was filed, being satisfied that the facts therein stated were true, issued the search warrant, and the sheriff, by use of it, found in the barn four or five gallons of corn mash fit for use in the manufacture of intoxicating liquor. Defendant contends, under his motion to quash filed in the circuit court, that he had a legal right to impeach the warrant, by controverting by oral testimony the facts stated in the

application, and having shown that they were not true to have the warrant quashed on the ground that there did not exist sufficient facts to authorize the justice of the peace to issue it. The main opinion reaches the conclusion that, the justice of the peace having statutory power to issue a search warrant upon the filing with him of an application from which it appears to his satisfaction from the facts set forth therein that there is probable cause to believe that intoxicating liquor is being manufactured, sold, stored or kept in the building described, and being so satisfied, the facts stated in the application cannot be controverted by oral testimony in the circuit court, and that an attack on the validity of the warrant, though issued by a court of inferior jurisdiction, is a collateral attack on a judicial act which the justice had power to perform; but the majority of the judges do not concur in or dissent from this conclusion, for the reason the defendant was not convicted on evidence obtained by use of the search warrant, and its validity is therefore a moot question.

3.  WITNESS: Impeachment: Conviction: Appeal. The pendency of an appeal from a conviction of crime does not preclude a showing of such conviction as bearing on the credibility as a witness of the person convicted. The statute (Sec. 5439, R. S. 1919) makes a person who has been convicted of a criminal offense a competent witness, but permits his conviction to be proved as a matter affecting his credibility, and he is convicted when a verdict is returned finding him guilty, and he stands convicted until the judgment is reversed on appeal. In the trial of a defendant charged with wilfully and unlawfully manufacturing intoxicating liquor for beverage purposes, it is error to refuse to defendant permission to show that a witness for the State has been convicted of violating the prohibition laws, notwithstanding said witness appealed from the judgment of conviction and his appeal is still pending. But a majority of the judges, concurring in ruling that it was error to refuse to permit the defendant to show that the witness had been convicted of said offense, hold nevertheless that the witness was otherwise thoroughly impeached, and the refusal was not therefore reversible error under the facts of this case.

Corpus Juris-Cyc. References: Criminal Law, 16 C. J., Section 1017, p. 539, n. 55; Section 1018, p. 540, n. 59; Section 1531, p. 746, n. 32; Section 2290, p. 929, n. 86; 17 C. J., Section 3543, p. 203, n. 85. Intoxicating Liquors, 33 C. J., Section 39, p. 511, n. 7 New; Section 369, p. 674, n. 87; Section 371, p. 675, n. 1; Section 372, p. 677, n. 15; Section 451, p. 730, n. 56 New; Section 541, p. 786, n. 51, 52. Judgments, 34 C. J., Section 815, p. 511, n. 46; Section 821, p. 517, n. 98; Section 823, p. 517, n. 5. Witnesses, 40 Cyc., p. 2611, n. 83.

Appeal from Dent Circuit Court.—*Hon. W. E. Barton,* Judge.

AFFIRMED.

*Wm. P. Elmer* for appellant.

(1)   The search warrant was illegal and void: (a) The application of the prosecuting attorney stated no facts from which probable cause could be found to exist. It stated a conclusion.   Stokes v. United States, 5 Fed. 312; In re No. 111, 5 Fed. 282; Sec. 11, Art. 2, Mo. Constitution; Hogan v. United States, 4 Fed. 801; State v. Lock, 259 S. W. 116; State v. Owen, 259 S. W. 102; Craft v. Commonwealth, 247 S. W. 722; Holbrooks v. Commonwealth, 247 S. W. 751.   (b)   The search warrant violated the defendant's rights under Sec. 11, Art. 2, and Sec. 23, Art. 2, of the Constitution, in searching his home and premises and compelling him to furnish evidence against himself, whether valid on its face or not.   Lowry v. Rainwater, 70 Mo. 152; State v. Owen, 259 S. W. 101; State v. Cobb, 273 S. W. 739.   (c)   Section 25 of the Act of April 3, 1923, violates Sec. 11, Art. 2, of the Constitution, authorizing search and seizure on the petition of officials without requiring or specifying the facts or grounds upon which said warrant must be based, or stated in the application; and may be issued on parol evidence and is left to the determination of the justice of the peace. Said Section 25 also violates Sec. 30, Art. 2, of the Constitution, in permitting the arrest of defendant without a warrant on a criminal charge and without any offense being committed in the presence of an officer and authorizes the destruction, taking and removal of property described in said section without due process of law and without making any provision for a hearing before or after taking and destroying said property, or summoning defendant into any court to try the truth of the application.   It provides for confiscation, and empowers the officer executing the search warrant to determine what articles are or are not contraband.  Sec. 25, Laws 1923, p. 244; 35 Cyc. 1267, note 20; Lowry v. Rainwater, 70 Mo. 152; State v. Owens, 259 S. W. 101; 12 C. J. 1250,

State v. Shelton.

1251. (d)   Because the affidavits of the prosecuting attorney and the sheriff were untrue in substance and in fact and were not even based on hearsay evidence.   They had no knowledge of any violation of law by defendant at the time of swearing out the search warrant.   It was proper to impeach the warrant by showing it was based on hearsay or false testimony.   State v. Smith, 262 S. W. 65; State v. Shelton, 267 S. W. 941; State v. Price, 274 S. W. 501.   (e)   Notice is the essence of due process of law.   None is provided for under Section 25.   Bank v. Thompson, 170 Mo. App. 76; Wilcox v. Phillips, 169 S. W. 55, 260 Mo. 664; Ohlmann v. Clarkson, 120 S. W. 1155.   (f)   The search warrant did not command the officer to bring the confiscated goods before the justice or the circuit court and is therefore void.   35 Cyc. 1266 (e), 1267 (2).   (2)   The search warrant was void. Upon the filing of the applications of the prosecuting attorney and sheriff, the justice of the peace at once issued the search warrant.   No findings of probable cause or order were made before the issuance of the same.   This is required by Section 25.   Sec. 11, Art. 2, Constitution; Sec. 25, Laws 1923, p. 244.   (3)   The court erred in excluding the testimony as to Mullinix's conviction for violating the prohibition law.   The fact of his appeal did not prevent showing the conviction to affect his credibility.   40 Cyc. 2611.   The illegally admitted evidence of the mash was the only thing that corroborated Mullinix.   State v. Bauerle, 145 Mo. 1, 46 S. W. 609.

*Robert W. Otto*, Attorney-General, and *James A. Potter*, Special Assistant Attorney-General, for respondent.

(1)   Count two of the information followed the language of the statute and was therefore sufficient.   Sec. 6588, Laws 1921, p. 414; Sec. 6596, R. S. 1919.   (2)   The validity of the search warrant is not important because the defendant was not convicted upon any evidence obtained by the officers, but if a search warrant was neces-

sary, the search warrant and the application therefor in this case were in due and proper form. State v. Cobb, 273 S. W. 736; State v. Perry, 267 S. W. 828.

RAILEY, C.—On April 6, 1925, the Prosecuting Attorney of Dent County, Missouri, filed in the circuit court of said county a verified information, in three counts. The first count charged defendant with unlawfully having in possession on the — day of January, 1925, in said county, six gallons of mash, then being used and fit for use in the unlawful manufacture of intoxicating liquors for beverage purposes. The first count was not submitted to the jury, and seems to have practically dropped out of the case. The third count charged defendant with the crime of unlawfully having in his possession intoxicating liquors for beverage purposes. The jury acquitted him under this charge.

The second count, omitting formal matters, reads as follows:

"Clyde C. Cope, Prosecuting Attorney within and for the County of Dent and State of Missouri, upon his oath of office, information and belief, informs the court that John D. Shelton, on about the — day of —, 1924, at and in the County of Dent and State of Missouri, did then and there wilfully and unlawfully manufacture intoxicating liquors for beverage purposes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State."

On said 6th day of April, 1925, appellant filed a motion to quash the search warrant and suppress evidence. On the same date defendant filed a motion to quash the information. Both motions were overruled. On April 10, 1925, defendant was arraigned and entered a plea of not guilty. Thereafter on the same date, the jury before whom the cause was tried returned into court the following verdict:

"We, the jury, find defendant guilty as charged in the second count of the information and assess his punishment at a fine $200.

"CHARLES STOUT, Foreman.

314 Mo.—22.

"We, the jury, find defendant not guilty as to the third count of the information.

"CHARLES STOUT, Foreman."

On April 11, 1925, defendant filed a motion for a new trial, which was overruled. Thereafter, on the same day, allocution was granted, judgment rendered and sentence pronounced under the second count aforesaid in conformity to said verdict. Thereafter, defendant, in due form, was granted an appeal to this court on account of constitutional questions presented.

The prosecutions were all had under the provisions of Section 6588 of the intoxicating liquor law of 1921, as reported in the Session Acts of 1921, at page 414. The main facts are fairly stated by counsel for respondent as follows:

John R. Welch, Sheriff of Dent County, testified that early in 1925 he made a search of the defendant's farm in Dent County, Missouri, and found in the barn loft of the defendant four or five gallons of corn mash fit for use in the manufacture of intoxicating liquor; that he took a sample of the liquid off of this mash and it had the odor of alcohol. He further testified that he made a second search a short time later and found a big hollow running from the Meramec River near defendant's farm and up through defendant's corn field; that beyond defendant's corn field there was a large gully which emptied into this big hollow running to the river, and a path or road led from the gully to the defendant's barn. In this gully the sheriff found a shovel, a small barrel, three gunny sacks under a rock, the top of an old stove and several places where fires had been built, a broken piece of a jug, some broken fruit jars and several piles of corn mash. That beyond the gully some fifty or seventy-five yards and off of defendant's farm he found a man-made cave down in the ground which was entered by climbing down an Indian ladder. As stated, the sheriff found the mash in the barn on his first visit, and the other articles on his second visit.

The witness Bates, a deputy sheriff, was present during the second search, and corroborated the sheriff as to the articles found in the gully and also as to the cave, and added certain other articles, to-wit, a teacup, a spoon, and some flour paste. He further testified that the gully was some two hundred and seventy-five yards from defendant's home and off of his land.

The witness John Mullinix, upon whose testimony the defendant was convicted under count two, testified that a few days prior to December 20, 1924, he met the defendant in Salem, Missouri, and that the defendant told the witness that he intended to run off a batch of whiskey about the 20th of December; that on the 20th of December, 1924, the witness went out to the defendant's farm to secure some of the whiskey; that he and the defendant went out to the cave identified by the sheriff and his deputy and went down in the cave; that the defendant had a still in operation in said cave on said occasion, and that the witness purchased a quart of whiskey which was made in said still on that night by the defendant.

The evidence for the defendant consisted of a flat denial of the testimony of the witness Mullinix. The defendant also denied the ownership or possession of any of the articles found in the gully off of his place and denied any control over the cave mentioned by the State's witness. He further testified that the corn mash found in his barn was hog feed and was used by him in fattening a large hog, which other witnesses said the defendant owned and killed some time during the past winter. The defendant also offered several witnesses to impeach the veracity of the witness Mullinix.

As the first count of the information was abandoned, and the defendant was found not guilty under the third count, the only issue in the case is the sufficiency of the proof under the second count, and since the evidence for the State consisted of the clear and positive evidence of the witness Mullinix, this issue was one solely for the jury.

The defendant filed a motion to quash the search warrant used by the sheriff at the time of making his two searches, which included a motion to suppress the evidence obtained by the sheriff, consisting of the corn mash. Under the ruling of this court in the case of State v. Cobb, 273 S. W. 736, and prior decisions, the applications for the search warrants, and the search warrants themselves, were in due form. Furthermore, the defendant was not convicted on any evidence obtained by the searches made by the sheriff, this count having been abandoned and not submitted to the jury at all.

No attack upon count two of the information is preserved in the record. The instructions were full and fair and presented all the necessary issues to the jury.

I.   The brief of appellant, in discussing the search warrant, alleges that: "The prosecuting attorney and sheriff under the 1923 Act, Secs. 16 and 25, have a right to file applications for search warrants. This both did. The one by the sheriff recited that men were seen leaving defendant's premises intoxicated and John Shelton has solicited orders for intoxicating liquor."

Search Warrant.

The prosecuting attorney filed a verified application for a search warrant with a justice of the peace, alleging therein that: "In a certain dwelling house and the premises thereof, and the outbuildings located upon said premises, all under the control of, and occupied by John D. Shelton, located on his farm in Sections Ten and Eleven, Township 35, Range 5, Dent County, Missouri. And in a plank barn about thirty feet square, containing a loft, said barn being located on said farm and being about fifty yards from the dwelling house aforesaid, and being the only barn on said premises, said barn belonging to, and being under the control of said John D. Shelton, intoxicating liquor is being unlawfully manufactured, sold, stored and kept; that thereat and therein is also being used and kept a still, doubler, worm, worm tub, mash, mash tubs, fermenting tubs, vessels,

fixtures and equipment, and parts thereof, used and fit for use in the unlawful manufacture and production of intoxicating liquor,'' etc.

Ike Epstein, the justice of the peace before whom said application was filed, issued and delivered to the sheriff of said county a search warrant, based on said application of the prosecuting attorney, supported by the affidavit of the sheriff, etc. We have examined the application and affidavit aforesaid, and have also examined the search warrant issued pursuant to same. We find, that they are fully sustained by the former rulings of this court in State v. Cobb, 273 S. W. 736, and State v. Perry, 267 S. W. 828.

II. Aside from the foregoing, the validity of the search warrant in this case simply presents a moot issue, as defendant was not convicted upon any evidence obtained by the officers. He was tried and convicted under count two on the testimony of John Mullinix, for unlawfully manufacturing intoxicating liquors for beverage purposes. The first count was abandoned, and the jury returned a verdict in favor of appellant on the third count. Judgment was rendered against him for $200 on the second count and from the latter he was granted an appeal to this court on account of the constitutional questions which his counsel injected into the case.

*Moot Question.*

III. It is insisted by appellant, that he had the legal right to impeach the warrant, and proceedings on which it was based, under his motion to quash the same.

We fully considered this question in State.v. Cobb, 273 S. W. l. c. 738-9, and there reached a conclusion adversely to appellant's contention. As stated in the Cobb case, the intoxicating-liquor law was clearly intended by the Legislature to receive a liberal construction, with the view of suppressing the unlawful manufacturing and sale of intoxicating liquors. This is manifested in the Laws of 1921 and 1923, which simply require, in a case

like this, that the information shall charge defendant with unlawfully manufacturing intoxicating liquors for beverage purposes. We have uniformly sustained the validity of informations couched in substantially above language. [Laws 1921, p. 414; Laws 1923, p. 242; State v. Fenley, 275 S. W. 36; State v. Forshee, 274 S. W. 419; State v. Combs, 273 S. W. l. c. 1038; State v. Bennett, 270 S. W. 295; State v. Bunch, 270 S. W. 282; State v. Richardson, 267 S. W. l. c. 842; State v. Gatlin, 267 S. W. 797; State v. Brown, 262 S. W. l. c. 711.] The verified application of the prosecuting attorney for a search warrant in this case described defendant's premises, and charges in substance, that at the time designated he was unlawfully manufacturing and selling intoxicating liquors on said premises.

If the information is sufficient under our Constitution to inform defendant as to the charge which he was expected to meet under count two, why is not the application for the warrant equally as specific, when it contains substantially the same language as that used in the information? If the Attorney-General had filed the same kind of an application for a warrant in the circuit court, supported by his affidavit, and the circuit court had, pursuant to said application, ordered the issuing of a search warrant, could the defendant in a collateral proceeding like this, by filing a motion to quash the search warrant, be permitted to go behind the order and judgment of the court in directing said warrant to be issued? Counsel meets this question, by suggesting that a justice court is one of inferior jurisdiction. Is such a distinction well founded in a case like this, where the record and proceedings before the justice of the peace affirmatively recite the jurisdictional facts?

In Jeffries v. Wright, 51 Mo. l. c. 217, plaintiff instituted a proceeding in the Circuit Court of Miller County, to revive by *scire facias* the lien of a judgment obtained by him before a justice of the peace, against W. R. Wright and others, a transcript of which had been filed in the circuit clerk's office. The transcript recited:

"Summons issued, returnable the 8th day Dec., 1862. Summons returned as served on the 8th Dec. law day, plaintiff appeared in person. Defendants made default; after hearing allegation it is considered plaintiff have judgment, for $50, and costs of suit. Execution issued the 2d day of Jan., 1863, returnable in sixty days. Returned no property. Certified on other page. E. L. SHORT, J. P."

The certificate was set out, and certified by said justice. When the above transcript was offered in evidence, it was objected to, on the ground that it did not show on its face that defendants had been properly served in Miller County within the proper time. This objection was overruled, and defendants then offered to show by parol evidence that the constable never served the summons upon them, which was alleged to have been served in the transcript. The court refused to permit defendants to show above facts, revived said judgment, and the cause was duly appealed to this court. SHERWOOD, J., on page 221, after considering the law of our State, used this forceful language:

"So then, I gather from these authorities of our State, that even the judgments of inferior courts are not obnoxious to collateral attack, when the facts necessary to confer jurisdiction appear affirmatively upon the face of the proceedings in question. Let such a state of facts be thus disclosed, and the judgments of these inferior tribunals stand upon the same footing of unquestionable verity, as do judgments of courts of general jurisdiction."

The foregoing has long been considered one of the leading cases on the question before us.

In State v. Evans, 83 Mo. 319, which has been cited with approval many times in this court, the defendant was granted a dramshop license by the County Court of Cass County, and all the facts necessary to confer jurisdiction on said court appeared affirmatively on the face of its record. The defendant was indicted for selling intoxicating liquors without a license. Over the objec-

tion of the defendant, the State was permitted to go behind the judgment of the county court, and show that defendant's petition for a dramshop license did not contain the requisite number of qualified petitioners. The defendant was convicted and appealed to this court. Judge ALEXANDER MARTIN, then Commissioner of this court, in an able opinion reversed the case, and in so doing, said:

"The counsel for defendant have submitted an able and exhaustive brief in support of the position that after the county court had reached a conclusion as expressed in its order and judgment, such order or judgment is binding and conclusive until reversed on appeal or overthrown in some proceeding directly attacking it, and that it could not be impeached in any collateral proceeding like the one before us. The principle of law implied in this position has our unqualified assent, and it is unnecessary for us to do anything more than to add this expression to the many previous decisions of this court announcing the same result. [State ex rel. v. Weatherby, 45 Mo. 17; Jeffries v. Wright, 51 Mo. 220; Johnson v. Beazley, 65 Mo. 250; Sims v. Gray, 66 Mo. 614; Fulkerson v. Davenport, 70 Mo. 546; Scott v. Crews, 72 Mo. 263; Gray v. Bowles, 74 Mo. 423; Henry v. McKerlie, 78 Mo. 416.]

"From this it follows that the court below erred in admitting testimony for the purpose of proving that the county court was in error when it adjudged that the defendant had complied with the law and was entitled to a license. It is possible that the county court erred in its judgment and order, but such errors cannot be reversed by the circuit court in a collateral proceeding. Upon the evidence in the record the defendant was entitled to an acquittal, and the court should have so instructed. Accordingly the judgment is reversed and the defendant discharged. All concur."

In State ex rel. Wirt v. Cass County Court, 137 Mo. App. page 698, and following, the relator sought by mandamus in the Kansas City Court of Appeals, to com-

pel said county court to set aside the local option election held in said county, on the ground that the city of Pleasant Hill was improperly included with the rest of the county in voting at said election. As the law then stood, a city containing 2500 inhabitants could not be included with the balance of the county in voting on said issue, but would be required to order a special election of its own, etc. It appeared from the record, that Pleasant Hill, through its officers, had a census of said city taken, showing that it contained 2569 inhabitants. The record and proceedings of said city disclosed, affirmatively on their face, all the jurisdictional facts necessary in the premises to show a valid census. The county court in its return undertook to go behind, the record of Pleasant Hill, by charging that the census taken by the city was fraudulent, that it contained the names of people who were dead, and others who had moved away, etc. In short, it denied that Pleasant Hill had 2500 inhabitants, and insisted that it was properly included with the balance of the county in voting at the local option election. The court of appeals held that the county court was bound by said census, and set aside the election. Judge ELLISON, in a carefully prepared opinion, at pages 708-9, which has been commended and followed by this court, said:

"Relator's view is sustained by a long line of authority to be found in his brief. Indeed it is a fundamental rule of law that the acts of a body entrusted by law with the performance of certain specified proceedings which on their face are regularly taken, are not subject to attack except in a direct proceeding for that purpose. This rule applies as rigidly to special and inferior bodies as it does to superior courts. In most instances presumptions upholding proceedings in superior courts will not aid omissions in proceedings of those of inferior grade. But where the record of the latter, on its face, is regular, it is not subject to collateral attack. In such instance the matter of power and dignity of the body does not enter into the question. [State ex rel. v.

Wilson, 115 S. W. 549; Lingo v. Burford, 112 Mo. 149; Jeffries v. Wright, 51 Mo. 215; State v. Evans, 83 Mo. 319; Union Depot Co. v. Frederick, 117 Mo. 148; Light & Water Co. v. Lebanon, 163 Mo. 259; 1 Black on Judgments, sec. 273; Freeman on Judgments, sec. 523; Van Fleet on Collateral Attack, secs. 62, 468.]''

In Givens v. Burton, 183 S. W. l. c. 620, Division One followed, in an unanimous opinion, the rulings in Jeffries v. Wright, and State v. Evans, supra.

In Fitzgerald v. De Soto Special Road District, 195 S. W. 695, and following, all the authorities heretofore mentioned were cited with approval, and the case fully considered in Division One as well as in Court in Banc. The plaintiff brought an injunction suit to restrain the defendants from opening a public road over his land in Jefferson County, Missouri, on the theory that the order of the county court establishing said road was void. The plaintiff signed the petition for the road, that was presented to the county court, and three months afterwards signed a written relinquishment of the right of way with a condition subsequent therein, which he claimed was not complied with. The judgment of the county court recited affirmatively that plaintiff had relinquished the right of way over his land. The above case was fully presented by able lawyers on each side. The Court en Banc, six of the judges concurring in the opinion, on page 697, said:

''Where the court had jurisdiction over the subject-matter and person of plaintiff, as in this case, and where the record affirmatively recites the facts necessary to confer jurisdiction, the judgment of said court, in respect to such matter, is not only conclusive in a collateral proceeding like this, but would be equally so, in a direct proceeding in equity to set aside the judgment, unless it appears that fraud was practiced in the very act of obtaining the judgment. [Oxley Stave Co. v. Butler Co., 121 Mo. 614, 26 S. W. 367; Nichols v. Stevens, 123 Mo. l. c. 116, 25 S. W. 578, 27 S. W. 613, 45 Am. St. 514; Moody v. Peyton, 135 Mo. 482, 36 S. W. 621, 58 Am.

St. 604; Hamilton v. McLean, 139 Mo. 678, 41 S. W. 224; Bates v. Hamilton, 144 Mo. 1, 45 S. W. 641, 66 Am. St. 407; Smith v. Hauger, 150 Mo. 437, 51 S. W. 1052; Covington v. Chamblin, 156 Mo. 574, 57 S. W. 728; Baldwin v. Dalton, 168 Mo. l. c. 35, 67 S. W. 599; Pelz v. Bollinger, 180 Mo. l. c. 258, 259, 79 S. W. 146; McDonald v. McDaniel, 242 Mo. l. c. 176, 145 S. W. 452, and cases cited.]''

We are of the opinion, that the foregoing authorities fully sustain the action of the trial court in refusing to allow appellant to controvert by oral testimony the facts stated in the application for a search warrant, and in the record of the justice of the peace who issued said warrant. The prosecuting attorney is a sworn officer of the court, with jurisdiction to file informations, like the one at bar, when deemed necessary. The sheriff and justice of the peace are also officers under the laws of the State. It cannot be presumed, and especially in a collateral inquiry like the one before us, that these officers have failed to perform their respective duties in a proper manner.

The contention of appellant, in respect to probable cause, if followed to its logical conclusion, would practically nullify the prohibition laws of the State relating to search warrants. If the sheriff actually sees the defendant unlawfully making intoxicating liquors, he needs no warrant to back him in enforcing the law. On the other hand, should the State be required to divulge to the defendant the evidence on which it relies for conviction? The real purpose of the law is to require the prosecuting attorney to state the facts, as he did in this case, and when the justice of the peace, whose duty it is to pass upon probable cause, has acted judicially and determined that the warrant should issue, his judgment and order should not be controverted by oral testimony. If the justice should refuse to issue the warrant, the State would be bound thereby. The defendant should likewise be concluded by the judgment of the justice of the peace.

The constitutional provisions invoked by defendant were never intended to cut off the right of the State to legitimately apply for search warrants in cases of this character, but were only intended to cover cases of unreasonable search and seizure. The amazing temerity and boldness with which the prohibition laws of our State are now deliberately violated in almost every community, presents a strong appeal to the courts for a practical and common-sense construction of our laws, that will lead to the punishment of those who violate its provisions. After a full consideration of the foregoing subject, we are of the opinion, that the law as declared in State v. Cobb, 273 S. W. 736, and State v. Perry, 267 S. W. 828, relating to search warrants, is sound, and should be followed.

IV. The court is charged with error in refusing defendant permission to show that witness John Mullinix had been convicted in the circuit court for violating the prohibition laws of the State. The record shows that an appeal was taken by the witness to this court, and that the cause was pending here when this case was tried. The trial court was within the law in holding as above indicated. When the case was appealed to this court, the appeal suspended the operation of said judgment and transferred the cause here. [State ex rel. v. Gates, 143 Mo. 63; Reed v. Bright, 232 Mo. l. c. 415.]

*Witness: Impeachment: Conviction: Appeal Pending.*

V. The instructions relating to the merits of this controversy properly declared the law. We find no error in the record of which appellant can legally complain. It was the province of the jury to weigh the evidence and pass upon same. If they saw fit to accept as true the testimony of Mullinix, notwithstanding his impeachment by some of defendant's witnesses, we would not be justified in disturbing their verdict. The judgment below is accordingly affirmed. *Higbee, C.,* concurs.

PER CURIAM:—This case coming into Court in Banc, the result reached in the foregoing opinion of RAILEY, C., delivered in Division Two, is approved by a majority of the judges. *Blair, C, J.,* concurs in the result in a separate opinion in which *Walker* and *Atwood, JJ.,* concur; *Ragland, J.,* concurs in the result reached in the opinion of RAILEY, C.; *White, J.,* dissents in a separate opinion, in which *Graves, J.,* concurs; *Otto, J.,* not sitting, having been of counsel.

BLAIR, C. J. (concurring).—I concur in the result reached in the opinion of RAILEY, C., and in all of his opinion except Paragraph IV, wherein he approves the action of the trial court in excluding the offer made by defendant to show that witness John Mullinix had been convicted of violating the prohibition laws of the State. Such offer was excluded because an appeal from such conviction had been taken by said witness to this court and said appeal was still pending here at the time of the trial. In my opinion, the cases cited by our learned commissioner do not justify the exclusion of this evidence.

*Witness:*
*Impeachment:*
*Conviction:*
*Appeal.*

The general rule laid down in 40 Cyc. 2611, is that "pendency of an appeal from a conviction of crime does not preclude the showing of such conviction as bearing on the credibility as a witness of the person convicted." In Ritter v. The Democratic Press Company, 68 Mo. 458, one of the defendants had been convicted of a crime which, under the statute then in force, rendered him incompetent to be sworn and to testify as a witness. An appeal had been taken and was pending at the time of the trial. In fact, that judgment was subsequently reversed. Such defendant was offered as a witness and was excluded. NAPTON, J., said: "The only question is whether Saunders, sentenced as he had been, to the penitentiary, though he had appealed to this court, where the judgment was reversed, was at the time he was offered as a witness, a competent one. We think the

circuit court properly excluded him. He was convicted of a crime which disqualified him as a witness, and the subsequent reversal of that judgment by this court could not be anticipated by the circuit court.''

While the statute upon which the Ritter case was ruled is no longer in force in this State and a person who has been convicted of crime and sentenced to the penitentiary is now a competent witness, save only that such conviction may be shown to affect his credibility, the reasoning upon which the Ritter case was ruled applies just as strongly in the case at bar. The Ritter case was cited and quoted with approval in Viberg v. State, 138 Ala. 100, 100 Amer. St. 22. That court held that it was proper to show the conviction to impeach a witness, although the judgment of conviction had been appealed from and such appeal was pending at the time the witness was offered. The same conclusion was reached by the Supreme Court of Iowa in the case of Hackett v. Freeman & Graves, 103 Iowa, 296.

The Ritter case, supra, was cited with approval by this court in Rodney v. Gibbs, 184 Mo. 1, and in State ex rel. Scott v. Cox, 243 S. W. 144. But those were not cases where the effect of an appeal was considered in connection with the impeachment of a witness by introduction of the judgment appealed from.

The witness Mullinix is conceded in the briefs of both parties to have been thoroughly impeached independently of such proffered evidence because of bad reputation for truth and veracity. The State offered no testimony in rebuttal of such testimony. The jury had the right to believe the testimony of such witness, though impeached by uncontradicted testimony, if it found from all the facts in the case that such testimony was true.

I therefore do not think that the error of the court in excluding the proof of the conviction of said witness was prejudicial to the substantial rights of the defendant. As such evidence only went to the credibility of Mullinix, it was merely cumulative evidence on that sub-

ject.   The case was otherwise well tried.   I concur in the affirmance of the judgment.   *Walker* and *Atwood*, *JJ.*, concur.

WHITE, J. (dissenting).—I dissent from the conclusion reached by RAILEY, C., in this case.

I.   In Paragraph IV, the opinion holds that it was not error for the trial court to refuse to permit the defendant to show that a witness against him had been convicted of a criminal offense.   In that I

**Witness:**
**Impeachment:**
**Conviction.**

disagree.   Under Section 5439, Revised Statutes 1919, that sort of cross-examination is allowable, and it is error to exclude it.   [State v. Mills, 272 Mo. l. c. 536, 537; State v. Minor, 117 Mo. 305; State v. Johnson, 192 S. W. l. c. 442.]   We cannot declare a rule of evidence sound when applied to a witness for a defendant, and hold it unsound when applied to a witness for the State.   We cannot hold it error to exclude such cross-examination of the defendant's witnesses, and hold it proper in cross-examination of a State's witness.

The ruling, however, in the opinion, is on the theory that the case was appealed, and the operation of the judgment was suspended because the jurisdiction was transferred to this court.   That, I think, is a misconception of the effect of an appeal.   In civil cases an appeal has no effect upon the judgment, and it may be enforced as if there were no appeal unless there is an appeal bond, which has the effect only to stay execution. [Sec. 1473, R. S. 1919.]   The same may be said of appeals in criminal cases.   [Sec. 4086, R. S. 1919.]   The judgment of conviction is in full force and effect until it is reversed by the Supreme Court.   The opinion cites the case of State ex rel. v. Gates, 143 Mo. 63, a civil case. That is a case where the verdict was for the defendant and plaintiff appealed.   The court said (l. c. 69), speaking of the appeal bond: "The bond operates upon the

judgment only, and to the extent only of suspending its execution.''

Statute 5439 makes any person *"who has been convicted"* of a criminal offense a competent witness, and *"the conviction"* may be proved, to affect his credibility. He is convicted when a verdict is returned finding him guilty. In the case of State v. Minor, 117 Mo. 305, a convicted person was introduced as a witness, and his conviction was permitted to be shown although judgment has not yet been pronounced. In State v. Meyers, 198 Mo. l. c. 252, the statute was held to apply to a convicted person whose motion for new trial was still pending. Undoubtedly, the trial court was in error in refusing to permit that cross-examination. There being an issue of fact as to the defendant's guilt, he had a right to have the jury know the character of a witness appearing against him, because the statute expressly allows that sort of cross-examination to reveal such character.

II. The discussion of the validity of the search warrant is wholly unnecessary because, as stated in the opinion, it is a moot question. The evidence introduced on which the defendant was convicted was not obtained by means of a search warrant.

**Search Warrant.**

I therefore dissent. *Graves, J.,* concurs.