STATE of Missouri, Respondent,

v.

Walter BLEVINS, Appellant.

No. 52763.

Supreme Court of Missouri,
Division No. 2.

March 11, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, Glen C. Schomburg, Sp. Asst. Atty. Gen., Kirkwood, for respondent.

Richard L. Hughes and Alan B. Weber, St. Louis, for appellant.

FINCH, Presiding Judge.

In State v. Blevins, Mo., 421 S.W.2d 263, we affirmed a conviction of the defendant herein for first degree robbery with a dangerous and deadly weapon. That conviction involved the taking by defendant Blevins of a leather jacket from one Allen Jones. In this case, defendant was charged and convicted by reason of the taking, on the same occasion, by a codefendant, Eddie Brown, of a leather jacket from one Ray Moore. A severance was granted and Blevins was tried separately from Eddie Brown. The jury assessed defendant's punishment at five years' imprisonment and, after an unsuccessful motion for new trial, he appeals.

A brief summary of the evidence will suffice for this appeal. It disclosed that on the evening of December 4, 1965, Ray Moore, Allen Jones and Jones' sister Deborah left Moore's residence in an apartment building at 2310 Cass Avenue in St. Louis and went to the bus stop at 2300 Cass. They then decided to cross the street to a grocery store to get some candy. While in the store they noticed several boys looking in the store window. Shortly, Moore, Jones and Deborah left the store and returned to the bus stop. Almost immediately, two of the boys who had been looking in the store window (later identified as defendant Blevins and Eddie Brown) crossed the street and approached the three young people standing at the bus stop. Both defendant and Brown had revolvers. Moore and Jones were wearing three-quarter length black leather jackets and Blevins said to them, "Get out of those coats." Defendant Blevins was facing Jones and took his coat. Moore was a little slow taking off his coat and defendant remarked that they might have to shoot if he didn't get out of the coat. Moore then removed the coat and it was taken by Eddie Brown, who was facing him. Blevins and Brown then left.

Defendant took the stand and testified that he had been elsewhere with other people (not Eddie Brown), that he came by 2300 Cass Avenue after the robbery had occurred, and that he had not participated in the robbery. The final question asked of defendant on direct examination and his answer thereto were as follows:

"Q Let me ask you this, Mr. Blevins. Have you ever been convicted of a crime in the State of Missouri or anywhere in

these United States? Have you ever been convicted of a crime, yes or no?

"A No."

Thereupon, the following occurred on cross-examination by the Assistant Circuit Attorney:

"Q Mr. Blevins, do I understand you to say that you have never been convicted of a felony in this State?

"A Yes.

"Q Now, isn't it true that on July 20, 1966, this year, you were convicted of Robbery in the First Degree in Division 17 of this courthouse?

"MR. HOWARD: Objection, Your Honor."

Thereafter, a long colloquy followed out of the presence of the jury. Counsel for defendant objected to the question on the ground that the conviction inquired about had been appealed and was not final, that evidence thereof is not admissible under § 491.050 (all references are to RSMo 1959, V.A.M.S.) and that inquiry about such appealed conviction constituted prejudicial error. Ultimately, the trial court permitted the Assistant Circuit Attorney to proceed with the question and the defendant answered that he had been convicted in that trial of robbery in the first degree but he stated that it was not final. Counsel for defendant requested a mistrial but the request was overruled. On appeal, this is urged as a basis for a new trial.

Section 491.050, which is the governing statute, provides as follows: "Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer."

When a defendant or other person takes the witness stand, it is permissible under § 491.050 to show a prior conviction for the purpose of affecting his credibility. The question here presented is just what is meant in the statute by the term "convicted of a criminal offense?" Does it mean a judgment of conviction which is final either by reason of affirmance on appeal or by lapse of time within which an appeal may be taken? If not, does it mean merely a jury verdict of guilty, before pronouncement of sentence and judgment (see discussion in People v. Rodgers, 112 Cal.App. 615, 297 P. 924, 926, and the case therein cited of People v. Ward, 134 Cal. 301, 66 P. 372), or does it mean a trial court judgment and sentence, irrespective of whether either a motion for new trial or an appeal is pending?

In State v. Shelton, 314 Mo. 333, 284 S.W. 433, an opinion written by Commissioner Railey was adopted by the court en banc. In that case defendant sought unsuccessfully to impeach the state's principal witness by showing that he had been convicted even though that conviction was then pending on appeal. The opinion contains this statement, 1. c. 437: "The court is charged with error in refusing defendant permission to show that witness John Mullinix had been convicted in the circuit court for violating the prohibition laws of the state. The record shows that an appeal was taken by the witness to this court, and that the cause was pending here when this case was tried. The trial court was within the law in holding as above indicated. When the case was appealed to this court, the appeal suspended the operation of said judgment and transferred the cause here."

It cannot be said, however, that the above statement was adopted as the opinion of the court. Only Judge Walker concurred in Commissioner Railey's opinion. Judge Blair wrote an opinion in which he concurred in the result reached but he expressly disapproved the quoted portion of the opinion. He was of the view that it

was error to exclude evidence of the conviction of witness Mullinix, even though the case was pending on appeal, but he concluded that under the particular facts of the case the error was nonprejudicial. Judge Atwood concurred in the opinion of Judge Blair. Judge White dissented, saying that exclusion of the prior conviction was prejudicial error. Thus, three judges would have held that the prior conviction, even though on appeal, was admissible. Judge Walker concurred in the view of Commissioner Railey that the evidence was inadmissible. The other judges either concurred in result or dissented without expressing themselves on this issue. Under these circumstances, it cannot be said that the Shelton case resolved the issue either way.

The recent case of McCauley v. Stone, Mo.App., 315 S.W.2d 476, dealt with admissibility of a conviction in the magistrate court. The Court of Appeals noted that the case was triable de novo on appeal and that the situation was the same as though no judgment had been rendered in the magistrate court. The opinion holds such magistrate court judgment not admissible for purposes of impeachment. That, of course, does not settle the question here presented.

It seems perfectly clear that if an appellate court reverses a conviction outright, or reverses and remands the case for a new trial, the original conviction is wiped out and after the date of the appellate decision may not be shown for impeachment purposes. Likewise, if a trial court sets aside a conviction and grants a new trial, the conviction may not be used thereafter for purposes of impeachment from and after the trial court order. In both of these instances the situation is the same as if there had never been a conviction. The only question seems to arise where there has been a judgment of conviction by the trial court but an appeal has been taken and remains undisposed of (or the case is pending on motion for new trial) when it is sought to use the trial court conviction for purposes of impeachment in another case. Some courts hold that the conviction is inadmissible under such circumstances. Adkins v. Commonwealth, Ky., 309 S.W.2d 165; Ringer v. State, 137 Tex.Cr.R. 242, 129 S.W.2d 654. See also People v. Van Zile, 80 Misc. 329, 141 N.Y.S. 168, 29 N.Y.Cr.R. 378. Other courts hold that the conviction may be used under such circumstances. 98 C.J.S. Witnesses § 507(f), p. 414; 58 Am. Jur., Witnesses, § 745, p. 402; Annotations in 6 A.L.R. 1647, 25 A.L.R. 348, 103 A.L.R. 367, and 161 A.L.R. 282, and cases therein cited. Some courts have said that the admission of the trial court's judgment of conviction for purposes of impeachment is not erroneous even though subsequently such conviction is reversed outright and the appellate court holds that a directed verdict should have been entered. State v. Crawford, 60 Utah 6, 206 P. 717; People v. Braun, 14 Cal.2d 1, 92 P.2d 402.

Even though a majority of the states which have passed on this question seem to hold that a conviction is admissible while an appeal is pending, we have concluded that a judgment of conviction should not be admissible while an appeal therefrom is pending. Both reason and justice dictate this conclusion. Otherwise, the theory that a reversal of a conviction completely wipes out that conviction and makes the situation the same as though it had not been rendered is partially fallacious. For example, assume that while the first conviction is on appeal, it is offered in evidence against defendant for purposes of impeachment in a second case. That prior conviction then is considered by the jury in the second case in determining the guilt or innocence of the defendant therein. Obviously, the conviction was offered and received for the purpose of affecting defendant's credibility. It may well have been the factor that caused the jury in the second case to disbelieve the defendant and convict him therein. That, at least, is a possibility, if not a probability. We can-

not assume that the jury was not so affected. Under those circumstances, the conviction in the first case, which is ultimately reversed and theoretically wiped out completely, remains a factor in the conviction of the defendant in the second case, and to that extent the erroneous conviction is not wiped out and completely eliminated. Surely, the legislature, in enacting § 491.050, did not intend that for the brief period between conviction in the trial court and ultimate action on appeal by the appellate court, the defendant may be impeached and his credibility affected in another case by that first trial court conviction even though it may ultimately be reversed and eliminated on appeal. S.Ct. Rule 28.02, V.A.M.R., provides that an appeal in a criminal case "shall constitute a continuation of the proceeding in the trial court." The proceedings are not concluded until the appeal is determined. The conviction then becomes final. We necessarily conclude that the judgment of conviction referred to in § 491.050 is a final judgment of conviction, made so by affirmance on appeal or by the lapse of time permitted for notice of appeal without an appeal having been taken. Accordingly, we hold that it was error to permit the interrogation of the defendant relative to his conviction for first degree robbery in the case tried July 20, 1966, while that conviction was pending on appeal.

 The state argues that the question asked by counsel for defendant as to whether he had been previously convicted justified the questions by the state, and that even if the use of the appealed conviction is normally error, it was invited error under the circumstances. We have concluded that the use of the conviction cannot be justified on that basis and hence overrule that contention.

In view of our decision to reverse and remand for new trial, it is not necessary that we consider in detail the other grounds asserted as a basis for a new trial. In connection with the question presented

with respect to identification procedures, we refer counsel to what Judge Eager said in State v. Blevins, 421 S.W.2d 263. With reference to the testimony relating to examination of photographs by a witness, we refer counsel to recent decisions of this court dealing with that subject, viz., State v. Rima, Mo., 395 S.W.2d 102, and State v. Hale, Mo., 400 S.W.2d 42.

Reversed and remanded.

All of the Judges concur.