STATE of Missouri, Plaintiff-Respondent,

v.

Joseph F. DEIMEKE, Defendant-Appellant.

No. 38475.

Missouri Court of Appeals, St. Louis District.

July 19, 1977.

Sapp, Woods & Orr, Columbia, for defendant-appellant.

Cynthia O. MacPherson, Pros. Atty., Mexico, for plaintiff-respondent.

DOWD, Judge.

Defendant-appellant, Joseph F. Deimeke, was convicted by an Audrain County jury of driving while his license was revoked in violation of Sections 302.200, and 302.321, RSMo 1969.

On March 30, 1974, appellant was arrested for driving while intoxicated. Pursuant to the Implied Consent Law, (§ 564.441 RSMo 1969) the arresting officer requested the appellant take the breathalyzer test. The appellant apparently demanded the presence of an attorney to witness the test. The police officer disallowed appellant's request and treated his response as a refusal to take the test. Appellant's license was subsequently revoked by the Director of Revenue in accordance with Section 564.444 RSMo 1969.

Appellant filed a petition to set aside the revocation that was denied by the circuit court. His appeal followed.

While his appeal was pending, appellant's attorney,[1] advised the appellant that it was not unlawful for him to drive pending the outcome of the appeal, because he did not believe the judgment was final until the appeal was decided. Also, the attorney was confident that the revocation would be reversed on appeal.

On January 29, 1975, appellant was arrested for driving while his license was revoked in violation of Sections 302.200, and 302.321, RSMo. The facts clearly indicate that the appellant was relying on the advice of his counsel in driving while his case was on appeal.

Testimony at the jury trial included that of Ronald Hedrick, the arresting officer, and appellant's former counsel who had since withdrawn as the appellant's attorney.

■ Appellant's former counsel testified that the appellant inquired on several occasions about the lawfulness of driving while his appeal was pending. Counsel admitted advising the appellant that he could lawfully drive while his appeal was under consideration.[2] In the process of explaining the basis for giving the aforementioned advice, counsel referred to the fact that the appellant was given an improper breathalyzer test on one occasion prior to the arrest in this case. Following counsel's reference to the improper test, the prosecutor responded, "you knew that he had taken one before and had been found guilty on that and it was reversed on appeal, isn't that right?" Appellant moved for a mistrial that was denied.

Further testimony by appellant's former counsel indicated that he was of the opinion that the appellant had not refused to take the breathalyzer test. Counsel believed that the appellant had a right to the presence of counsel to witness the breathalyzer inasmuch as he was given an improper test on an earlier occasion.[3] (*See State v. Deimeke*, 500 S.W.2d 257 (Mo.App.1973).

During the closing argument, the prosecutor commented that he was sure appellant's ex-counsel would pay the fine for the appellant if the jury found him guilty.

After hearing all the evidence, the jury returned a verdict of guilty and fixed appellant's punishment at a fine of $500. This appeal followed.

Appellant raised two issues on appeal: 1) the court erred in not granting appellant's motion for a mistrial when the prosecutor made specific reference to a prior conviction for driving while intoxicated, and 2) the prosecutor committed reversible error by alleging that appellant's ex-counsel would pay the fine.

■ The first issue raised by the appellant involves the prosecutor's reference to

1. Appellant's attorney practiced law in Audrain County for over 23 years.

2. This is not correct absent a stay order.

3. Our Supreme Court held otherwise in concluding that the arrested person had the right to have his lawyer present during the administration of the test, *only* if his lawyer appeared before or during the test. *Spradling v. Deimeke*, 528 S.W.2d 759, 763 (Mo.1975).

appellant's prior conviction for driving while intoxicated, which was reversed on appeal and was still pending. The record reflects the following testimony leading up to the prosecutor's reference to a prior conviction:

"Q. (Prosecutor) And then you wanted the trooper to wait until you drive all the way from Mexico, all the way over, isn't that right?

"A. Yes, I did.

"Q. And you knew, of course, that this would decrease the reading on the Breathalyzer, isn't that right, because the delay between the time the breath test is given, all that time a person's reading would be lower, isn't that right?

"A. I also knew he had been given an improper test on one occasion and I didn't want that to happen again and consequently I wanted to be there present when the test was given.

"Q. (Prosecutor) You knew that he had taken one before and had been found guilty on that and it was reversed on appeal, isn't that right?"

The appellant's attorney objected to the prosecutor's comment and requested a mistrial. The objection was overruled and the request for a mistrial was denied.

Appellant contends that the prosecutor's comments were highly prejudicial. We agree.

■ It is well-settled that on a prosecution for the commission of a crime, evidence of other offenses is not admissible. *State v. Mitchell,* 491 S.W.2d 292 (Mo.1972); *State v. Hancock,* 451 S.W.2d 6 (Mo.1970). The reason for the rule is that proof of distinct crimes violates the defendant's right to be tried for the offense for which he was charged. *State v. Kerr,* 531 S.W.2d 536 (Mo.App.1976); *State v. Shilkett,* 356 Mo. 1081, 204 S.W.2d 920 (1947). A further basis for the exclusion of a prior conviction stems from the tendency to inflame or prejudice the jury. *State v. Mullen,* 528 S.W.2d 517 (Mo.App.1975).

■ Furthermore, it is well-settled that a conviction reversed and remanded for a new trial is inadmissible for evidentiary purposes. *State v. Blevins,* 425 S.W.2d 155 (Mo.1968). We believe *Blevins* is controlling and reverse and remand this case for a new trial.[4]

We believe it was especially pernicious and prejudicial for the prosecutor to point out to the jury that the defendant had been found guilty in a previous trial. The inference is clear that the trial which the prosecutor was referring to involved the charge of Driving While Intoxicated. Nor do we believe the sting and prejudice was taken out of this remark by his stating that the case was reversed on appeal. There is little doubt that the reference to the prior conviction would prejudice the jury, especially in an action involving a similar occurrence.

■ The respondent contends that the witness, appellant's former counsel "opened the door" to inquiry about the prior conviction. We do not agree. It is true that if "either party introduces part of an act, occurrence, or transaction, . . . the opposing party is entitled to introduce or to inquire into other parts of the whole thereof, in order to explain or rebut adverse inferences which might arise from the fragmentary or incomplete character of the evidence introduced by his adversary, or prove his version with reference thereto." *State v. Odom,* 353 S.W.2d 708 (Mo.1962). However, this inquiry does not include direct references by the prosecutor to prior convic-

---

4. Judge Finch writing for the court in *Blevins* stated at p. 158:

"It seems perfectly clear that if an appellate court reverses a conviction outright, or reverses and remands the case for a new trial, the original conviction is wiped out and after the date of the appellate decision may not be shown for impeachment purposes.

Likewise, if a trial court sets aside a conviction and grants a new trial, the conviction may not be used thereafter for purposes of impeachment from and after the trial court order. In both of these instances the situation is the same as if there had never been a conviction."

tions of the accused. *State v. Blevins,* supra. The scope of inquiry is limited to rebut the adverse inferences. 22A C.J.S. Criminal Law § 660c, pp. 658–659. We do not believe the statement made by former counsel relating to a previous breathalyzer test created an adverse inference. A mere reference to an improper breathalyzer test on a previous occasion, does not give the prosecutor license to directly comment on a prior conviction whether related or otherwise. Any probative value is far outweighed by the prejudicial effect.

■ The second point relied on involves the comments made by the prosecutor during closing argument. Appellant contends the prosecutor's comments alleging that the appellant's former attorney would pay the fine if the appellant was found guilty constituted prejudicial and reversible error.[5] We believe these comments are highly improper and prejudicial, but we need not consider this contention in view of our decision to reverse and remand the case for new trial on the first Point Relied On. On retrial, we trust that this argument will be avoided.

For the reasons stated above, we reverse and remand for a new trial.

Reversed and remanded.

CLEMENS, P. J., and SMITH, J., concur.

5. On four separate occasions the prosecutor referred to the attorney paying the fine as follows:
   1. ". . . that is a mistake of law that his attorney made and he (defendant) has to bear the consequences. Let his attorney pay the fine."
   2. Later in the closing argument: "if his attorney made a mistake then he can get the attorney to pay the fine."
   3. ". . . I submit to you that under the evidence that there is just one verdict under the law that you can return in this case and that is guilty and to assess a fine and to let him take it up with Mr. (named attorney) as to who should pay the fine."
   4. In the last sentence of his closing argument: ". . . you should return a verdict of guilty and assess a fine accordingly, and I am sure that Mr. (named attorney) will pay it."