Robert BAKER, Plaintiff,

v.

Detective Colin McCOY, et al., Defendants.

No. 81–888C(1).

United States District Court, E.D. Missouri, E.D.

Oct. 14, 1983.

Robert Baker, pro se.

John S. Sandberg, St. Louis, Mo., for plaintiff.

Judith A. Ronzio, Associate City Counselor, St. Louis, Mo., for defendants.

### MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on the motion of defendants for partial summary judgment or, in the alternative, for judgment on the pleadings. Defendants contend that they are entitled to summary judgment on a portion of plaintiff's claim on the ground of collateral estoppel.

Plaintiff's cause of action arises out of his arrest and incarceration by defendants from June 20, 1980, through June 23, 1980. Plaintiff alleges that he was beaten while in the custody of defendants on said dates, and that said beatings were in violation of his constitutional rights under the fifth and fourteenth amendments of the U.S. Constitution. Specifically, plaintiff alleges that certain defendants either committed the beatings or knowingly or negligently failed to prevent the beatings. Plaintiff brings his suit under 42 U.S.C. § 1983.

Defendants move for summary judgment in their favor to the extent that plaintiff alleges that he was beaten by defendants on June 20, 1980, in Room 1 of the Homicide Offices of the St. Louis Metropolitan Police Department. Defendants contend that under the doctrine of collateral estoppel a prior Missouri state court determination bars plaintiff from relitigating the issue of whether he was beaten in said offices on June 20, 1980, prior to giving a statement.

Plaintiff was convicted of capital murder in the Circuit Court of the City of St. Louis and was sentenced to death. Prior to his trial plaintiff moved to suppress an incriminating statement which he made on June 20, 1980, while in the custody of defendants herein. Plaintiff argues that the statement was not voluntary because it was obtained through violence and was obtained in violation of *Miranda*. A hearing was held on plaintiff's motions to suppress.[1] Plaintiff, who was represented by counsel, presented evidence that he was beaten on June 20, 1980, in Room 1 of the Homicide Offices and thereafter gave his first confession. There was also testimony from the police officers who obtained the confession that no beatings occurred, that no beatings could have occurred because media representatives were outside Room 1 the entire time, that air vents run from Room 1 to the hallway where the media representatives were located, and that plaintiff was

---

1. For a detailed summary of the evidence presented at the pre-trial hearing on plaintiff's motion to suppress, *see State v. Baker,* 636 S.W.2d 902, 905–06 (Mo. banc 1982).

**268**

brought out of Room 1 and walked past the media representatives after making his first taped statement. In addition, the court itself thoroughly questioned both plaintiff and the testifying officers as to the circumstances surrounding the first statement. The Supreme Court of Missouri summarized the trial court's denial of the motion to suppress the June 20, 1980, statement, as follows:

> Reviewing all the evidence, the court, in detailed findings determined that [plaintiff] was not beaten prior to the June 20 recorded statement, and that [plaintiff] was advised of his rights and was aware of them prior to giving the statement.

*State v. Baker,* 636 S.W.2d 902, 906 (Mo. banc 1982).[2] On appeal, the Supreme Court of Missouri affirmed both the trial court's denial of plaintiff's motion to suppress the June 20, 1980, statement and plaintiff's conviction.

In *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980), the Supreme Court held that the doctrine of collateral estoppel is applicable to actions under section 1983. In *Allen* plaintiff brought a section 1983 action against several police officers for violating his fourth and fourteenth amendment rights when they entered his home and seized some of his property without a warrant. Prior to bringing his section 1983 action, plaintiff had moved to suppress the evidence seized from his home from being introduced at his criminal trial. Following a hearing on the motion to suppress a Missouri trial court rejected plaintiff's federal constitutional claims, admitted the evidence and plaintiff's subsequent conviction was affirmed on appeal. When plaintiff brought his section 1983 claim, based on the allegedly illegal search and seizure, the district court granted summary judgment in favor of defendants holding that collateral estoppel prevented plaintiff from relitigating the search and seizure question already decided against him in the state courts. The Court affirmed the granting of the summary judgment and held that the previous state court determination, in which plaintiff had a "full and fair opportunity" to litigate, was entitled to preclusive effect in the subsequent section 1983 action. The Court relied on the general rule of collateral estoppel and the full faith and credit mandate of 28 U.S.C. § 1738.

Decisions after *Allen* establish that the res judicata or collateral estoppel effect of a prior state court determination in a section 1983 action is governed by the law of the state whose decision is set up as a bar to relitigation. *Hernandez v. City of Lafayette,* 699 F.2d 734, 736 (5th Cir.1983); *Edwards v. Arkansas Power & Light Company,* 683 F.2d 1149, 1158 (8th Cir.1982) (Arnold, J., concurring). *See also Allen,* 449 U.S. at 97–98 and n. 11, 101 S.Ct. at 416–417 and n. 11; 28 U.S.C. § 1738. In Missouri the seminal case on collateral estoppel is *Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713 (Mo. banc 1979). In *Oates,* the court listed the following tests for determining the collateral estoppel effect of a prior adjudication:

> (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; ... (3) whether the party against whom collateral estoppel is asserted was a party to the prior adjudication[;] ... [and (4)] whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

*Id.* at 719 (emphasis by the court) (citations omitted). The *Oates* court noted that the Supreme Court of Missouri has never expressly abolished the traditional collateral estoppel requirement of mutuality. *Id.* The doctrine of mutuality requires that the party asserting collateral estoppel must be bound by the prior adjudication to the same extent as the party against whom collateral

---

**2.** Plaintiff also made a statement on June 22, 1980, and he moved to suppress it on the ground that it was obtained through threats of violence. The State did not offer any evidence to rebut plaintiff's allegations and the trial court granted the motion to suppress the June 22, 1980, statement. *State v. Baker,* 636 S.W.2d 902, 906 (Mo. banc 1982).

estoppel is being asserted. The doctrine of mutuality thus limits the operation of collateral estoppel to cases where both the party asserting collateral estoppel and the party against whom it is asserted were parties to the prior adjudication. However, the *Oates* court also noted that in the past it had "allowed *defensive* use of issue preclusion by a stranger to the prior suit against a party to the prior suit. *Id.* (emphasis added). To date it is not clear whether Missouri courts allow offensive use of collateral estoppel by a stranger to the prior suit, but it is clear that mutuality is no longer required for defensive use. *See Arata v. Monsanto Chemical Company,* 351 S.W.2d 717 (Mo.1961); *St. Paul Fire and Marine Insurance Company v. Starr,* 651 S.W.2d 517 (Mo.App.1983); *In re Estate of Laspy,* 409 S.W.2d 725 (Mo.App.1966).

In the case at bar defendants argue that, under *Allen* and the Missouri law of collateral estoppel, the prior determination by the state trial court that plaintiff was not beaten by defendants in Room 1 prior to giving his June 20, 1980, statement, bars plaintiff from relitigating that fact. Defendants' argument raises two separate issues: 1) whether plaintiff is collaterally estopped to relitigate the factual question of whether he was beaten in Room 1 on June 20, 1980, prior to giving his statement; and 2) if so, what effect does this have on plaintiff's claims under section 1983.

With respect to the first issue, this Court agrees with defendants that plaintiff is collaterally estopped from relitigating the question of whether he was beaten by defendants in Room 1 prior to giving his statement, because all the elements of collateral estoppel are met. First of all, this question is identical to one of the questions raised by plaintiff in the case at bar. Plaintiff's complaint and his deposition testimony make it clear that his claims include, *inter alia,* the claim that he was beaten by defendants in Room 1 before he gave his statement.

Second, the result of the hearing on the motion to suppress and the subsequent conviction amount to a final adjudication on the merits with respect to the question at issue. Plaintiff contends that the adjudication is not final because plaintiff has a Rule 27.26 proceeding pending before the Missouri courts.[3] Plaintiff invokes the rule that a judgment cannot have preclusive effect while an appeal is pending and cites *State v. Blevins,* 425 S.W.2d 155 (Mo.1968), in support. This Court does not agree that the decision on the motion to suppress, and the subsequent conviction, is not final. The decision was appealed to the Supreme Court of Missouri, which affirmed the denial of the motion to suppress and the conviction itself, and plaintiff's pending Rule 27.26 proceeding is not a pending "appeal" under *Blevins.* Rule 27.26 expressly provides that "[a] motion filed hereunder is an independent civil action" in the nature of a habeas corpus proceeding. *Mo.R.Crim.P.* 27.26(a). The appeal pending in *Blevins* was a direct appeal from the conviction and not the type of collateral attack authorized by Rule 27.-26.

Plaintiff also contends that the prior determination of the Missouri trial court should not be given preclusive effect because the finding that plaintiff was not beaten in Room 1 on June 20, 1980, prior to giving his statement was not necessary to the ultimate finding that plaintiff's statement was voluntary and, therefore, was dicta. Plaintiff argues that "[o]ne can make a voluntary statement and still have been beaten by the police." *Plaintiff's Memorandum In Opposition* at 3. Assuming the correctness of that argument, it does not follow that the Missouri trial court's findings were unnecessary or dicta. The trial court was clearly of the opinion that if any beatings did occur, then under the circumstances plaintiff's statement was not voluntary. Therefore, the factual finding that plaintiff was not beaten in that

---

**3.** Defendants' motion was filed on September 26, 1983. Plaintiff did not respond until October 11, 1983—fifteen (15) days after defendants filed their motion and six (6) days before the trial setting for this case. Therefore, under Local Rule 7(B)(2), plaintiff's response is not timely filed and is technically not before this Court. *E.D.Mo.R.* 7(B)(2).

place and at that time was necessary to its ultimate finding.

The third and fourth elements of collateral estoppel are also satisfied here. Plaintiff, the party against whom the prior adjudication is being asserted, was a party to the prior adjudication. And there is every indication in the record that plaintiff had a full and fair opportunity to litigate the issue of his beating in Room 1 in the prior adjudication. There is no indication to the contrary. Accordingly, applying *Allen* and the Missouri principles of collateral estoppel, it is the opinion of this Court that collateral estoppel bars plaintiff from relitigating the question of whether he was beaten by defendants in Room 1 on June 20, 1980, prior to giving his statement.

Turning to the second issue, it is the opinion of this Court that the operation of collateral estoppel in the case at bar establishes, as a matter of fact, that defendants did not beat plaintiff in Room 1 prior to giving his statement. Accordingly, to the extent that plaintiff bases his claim that his constitutional rights were violated on the alleged beating in Room 1 prior to giving his statement, defendants are entitled to summary judgment. However, plaintiff's complaint and his deposition testimony make it clear that his claims of physical abuse and negligence are not limited to the alleged beating in Room 1 prior to giving his statement. The prior state court determination does not extend to the questions of whether plaintiff was beaten in Room 1 *after* giving his statement, or whether he was beaten or threatened at a later time in his holdover cell. Therefore, plaintiff is not precluded from litigating those questions.