**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Richard Douglas JONES,
Defendant-Appellant.**

**No. 50885.**

Missouri Court of Appeals,
Eastern District,
Division Ten.

Aug. 12, 1986.

Albert J. Rathert, Fenton, for defendant-appellant.

John Thaddeus Eckenrode, David B. Tobben, Union, for plaintiff-respondent.

STEPHAN, Presiding Judge.

Appellant Richard Douglas Jones was convicted of driving a motor vehicle while his license was revoked, in violation of § 302.321, RSMo Cum.Supp.1984. In this court tried case, he was sentenced to seven days in jail, a $250.00 fine, and ordered to pay costs. He appeals. We affirm.

On November 19, 1984, appellant's previous driver's license revocation was set aside and the license ordered reinstated by order of the Circuit Court of St. Louis County. The Department of Revenue, however, did not return the license to him. Thereafter, on December 7, 1984, appellant was arrested in Fenton, Missouri, and charged with driving while intoxicated and driving carelessly and imprudently. Appellant was issued a temporary driving permit, and a form which he was required to return to the Department of Revenue within 15 days if he desired an administrative hearing. Appellant returned the form within fifteen days. The Department of Revenue responded by letter dated January 10, 1985, that appellant's request for an administrative hearing was denied because appellant had not surrendered his driver's license when he requested the hearing, as

required by § 302.530, RSMo Cum.Supp. 1984. The letter also stated appellant's license was revoked for a period of one year from December 22, 1984 to December 22, 1985. Appellant testified he could not have surrendered his license because the Department of Revenue had not returned it to him.

On February 4, 1985, appellant filed in the Circuit Court of St. Louis County a petition for a trial de novo of the revocation as provided for by § 302.535, RSMo Cum. Supp.1984. That section specifically provides that, "The filing of a petition for trial de novo shall not result in a stay of the suspension or revocation order."[1] The Circuit Court did, however, stay the revocation order "pending hearing by this Court." The stay is of no benefit to appellant here, as it was entered some five weeks after the arrest which gave rise to this case.

On March 8, 1985, Franklin County Deputy Sheriff Larry McHugh observed an automobile being driven by appellant backing up in a westbound direction on the eastbound shoulder of Interstate Highway I–44. McHugh stopped the vehicle and asked appellant for his license. Appellant explained that he had lost it because of a DWI case, but that he was contesting that case. Appellant received a ticket for driving while his license was revoked and for backing up in a westbound direction on an eastbound shoulder. The trial court found appellant had violated § 302.321, RSMo Cum.Supp.1984, driving while license is revoked.

Appellant argues the revocation of his license on December 22, 1984, was wrongful because the Department of Revenue already had his license when it denied his hearing request on the grounds appellant had not tendered his license. That fact is of no moment in this case. Determinative of this case is the fact that appellant's license was in a state of revocation on March 8, 1985; and the propriety, *vel non*, of that status is not before us here. In the absence of a stay order, a motorist may not lawfully drive while an appeal of his driver's license revocation is under consideration. *State v. Deimeke*, 554 S.W.2d 552, 553 [1] (Mo.App.1977). Appellant does not deny that his license was revoked; he argues only that the revocation was wrongful. We affirm the trial court's judgment that appellant violated § 302.321, RSMo Cum.Supp.1984. To rule otherwise would allow anyone whose license has been revoked to disregard the revocation until, as here, a charge of driving without a license is brought, then mount a collateral attack on the revocation.

Judgment affirmed.

SIMON and KELLY, concur.

---

1. The statute also provides:
   But upon the filing of such petition, a restricted driving privilege for the limited purpose of driving in connection with the petitioner's business, occupation, employment, or formal program of secondary, postsecondary or higher education shall be issued by the department if the person's driving record shows no prior alcohol related enforcement contact during the immediately preceding five years.
   Appellant, however, makes no claim of entitlement to the limited privileges provided for therein.