**STATE of Missouri, Plaintiff–Respondent,**

v.

**Johnny E. SMITH, Defendant–Appellant.**

No. 58503.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 19, 1991.

**912**

theories during the trial. Under one theory defendant, Bobby Selby and Michael Wren were confederates hanging out at the Cut Mart convenience store in Cape Girardeau, Missouri; defendant and Selby followed Ms. Davis out of the store onto the parking lot and assaulted her for the purpose of forcing Ms. Davis to drop her wallet; and Wren took Ms. Davis' wallet. This is the only theory appearing in the opening statement. The second theory is substantially similar except defendant or Selby, not Wren, took the wallet. The state did not argue in closing argument which theory was proven. Defendant preserved the issue of sufficiency of the evidence at trial and in his post trial motion. He requested a directed verdict on the charged crime and objected to the verdict directing instruction for failure of proof of all elements of the robbery.

On appeal defendant claims the court erred in failing to sustain his motion for a directed verdict of acquittal because "the state presented no evidence that [defendant] or an accomplice actually took the [wallet] ... or that [defendant] was criminally responsible for taking the [wallet]." The preserved issue is whether the state made a submissible case on the charged crime of robbery. If not, the charged crime was not submissible. However, if defendant's position is correct he was not entitled to a directed verdict because a lesser included offense, assault, was proven, submissible and submitted to the jury.

J. Bryan Allee, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Joseph P. Murray, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PER CURIAM.

The original opinion of this court was decided on March 26, 1991. On June 11, 1991, the Missouri Supreme Court ordered the case transferred. On October 16, 1991, the case was retransferred. We now reissue the original opinion and dissent.

A jury found defendant, Johnny E. Smith, guilty of robbery in the second degree, § 569.030 RSMo 1986. The trial court sentenced him as a prior and persistent offender to twelve years imprisonment. The state prosecuted the case on various

■ There was no direct evidence defendant or Selby took the wallet. There is direct evidence Wren took the wallet but no direct evidence he was acting with defendant and Selby. Accordingly, the verdict rests upon circumstantial evidence under either hypothesis. In a circumstantial evidence case, sufficiency requires the facts so proven to be consistent with each other and the state's hypothesis of guilt. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987). The evidence also must be inconsistent with innocence and preclude a reasonable hypothesis of innocence. *Id.* When reviewing defendant's challenge to the sufficiency of the evidence to sustain his con-

viction, we view the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the state. *State v. Brown*, 744 S.W.2d 809, 810 (Mo. banc 1988). We follow this standard because the only proof of one element of the charged crime, a taking of the wallet, was circumstantial and find the following facts in evidence.

On January 18, 1990, Ms. Davis went to the Cut Mart, a convenience store, in Cape Girardeau, Missouri. While Ms. Davis was in the store making her purchases, four black males were talking among each other and directing lewd comments toward Ms. Davis. She identified only the defendant. Ms. Davis began to feel nervous when he stood close behind her in the checkout line and continued to verbally abuse her. After paying for her purchases, Ms. Davis tucked her wallet under her arm and walked out of the store. She felt threatened when she realized defendant and a second black male were following her. A later witness identified the second male as Bobby Selby.

Anticipating an assault, Ms. Davis brandished a wine bottle which slipped from her hands. The men laughed when the bottle fell and broke. Ms. Davis then attempted to brandish her remaining wine bottle which also slipped out of her hand. As Ms. Davis turned around to get in her car, the two men struck and kicked her. Mr. Ware, a customer of the store, came outside and told the men to leave Ms. Davis alone. The men took off running. Ms. Davis returned to the store where she realized her glasses and wallet were missing and immediately (within twenty seconds) returned to the parking lot. Mr. Ware and Ms. Davis found the smashed glasses, but were unable to locate the wallet.

At trial Ms. Davis testified she did not see anyone on the parking lot other than her two attackers. This evidence and the fact the wallet was quickly missed would have supported an inference defendant or Selby took the wallet. If no other evidence were offered in the trial regarding who took the wallet, this evidence would have been sufficient to make a submissible case on the charged crime of robbery second degree by direct proof of assault and circumstantial proof defendant or Selby took the wallet. However, the state also offered the testimony of eye witness, Joannie Smith, defendant's sister.

Ms. Smith testified that while she was walking to Cut Mart, she witnessed Ms. Davis swinging wine bottles at defendant and Selby. Ms. Smith also witnessed the ensuing assault. Ms. Smith testified Michael Wren was on the parking lot watching the assault. After the assault, Ms. Smith saw Wren fleeing with a "long-like wallet in his hand." Her testimony is direct evidence neither defendant nor Selby took the wallet; hence, it is inconsistent with this inference. Her testimony supported the only theory of guilt offered in the state's opening statement. There was no direct evidence defendant acted with Wren and proof that he did must rest on circumstantial evidence they acted together to commit the robbery.

Defendant argues he is entitled to an acquittal of robbery because the state's circumstantial evidence of defendant's guilt of robbery was based on inconsistent theories and is consistent with an equally reasonable hypothesis of innocence. If either contention is correct, the state failed to make a circumstantial evidence case. *Rodden*, 728 S.W.2d at 213. Defendant argues an equal inference can be drawn from the evidence that he is innocent because he did not take or encourage a taking of the wallet. Defendant points to state's evidence Wren took the wallet and the absence of any evidence Wren was acting with defendant. The testimony of Ms. Smith foreclosed any circumstantial inference that either defendant or Selby took the wallet. But the state argued and the verdict directing instruction, that defendant "or another person or persons" committed the crime, submitted that possibility to the jury. It also argued and submitted defendant's guilt if Wren took the wallet. The state argued alternative, inconsistent theories.

### I

The inherent problem is the state's evidence is inconsistent unless Wren was the

person who took the wallet while acting with defendant. If any juror did not believe Ms. Smith's testimony that Wren took the wallet, then he or she must have believed either defendant or Selby took the wallet. Under this scenario, Wren is not a participant and the state has presented facts which are not consistent with each other. The state offered Ms. Smith's testimony as proof Wren took the wallet. On the other hand, the state invited the jury to draw an inference from Ms. Davis' testimony that because Ms. Davis quickly realized her wallet was missing, there was not time for someone other than defendant or Selby to take the wallet.

▮ The state offered alternative theories of guilt as evidenced in rebuttal argument.

> We have heard [Ms. Smith] say that she saw Michael Wren with it in his hands. You know [Ms. Smith] is [defendant's] sister. You can choose to believe that or not. She has every reason in the world to try to protect [defendant]. We know she loves him; we understand sisters do. You can believe her or not. But, in any event, whoever got that billfold, whether it was [defendant], Bobby Selby, or Mike Wren, they were right there.

However, in a circumstantial evidence case, sufficiency requires the facts so proven to be consistent with each other and the state's hypothesis of guilt. *Rodden,* 728 S.W.2d at 213. This standard does not permit multiple or conflicting theories of guilt nor does it recognize proof of alternative theories by inconsistent facts.

The wisdom of this standard is clear in the present case. The verdict directing instruction refers only to another "person or persons" which could refer to either Selby or Wren or both. Under the instruction one or more jurors may have disbelieved

Smith's testimony and found defendant guilty of taking the wallet, personally or with Selby. Other jurors may have rejected that view because he or she wholly believed Smith's testimony and found the defendant guilty only because he acted with Wren who took the wallet. But it is not possible that defendant or Selby took the wallet and that Wren took the wallet. Under our standard of review, the state cannot meet its burden of proof by relying on both the belief and disbelief of Ms. Smith's testimony. Circumstantial evidence defendant or Selby took the wallet is inconsistent with the state's hypothesis defendant is guilty because Wren took the wallet acting with defendant. Circumstantial evidence Wren acted with defendant and took the wallet is inconsistent with the state's hypothesis defendant is guilty because he or Selby took the wallet.

### II

▮ If all the jurors believed Ms. Smith and found Wren took the wallet, a surmise which cannot be ascertained, the issue narrows to whether there is any evidence to connect Wren acting with defendant. Ms. Davis did not make any reference to Wren in her testimony. Mr. Ware testified on direct examination Wren was present at the Cut Mart when Ms. Davis arrived but only defendant and Selby had a conversation with Davis. Ware did not think defendant and Wren were together.[1] He did not see Wren on the parking lot, "he coulda been there."

In summary: (1) there is no evidence that Wren was "together" with defendant and Selby; (2) Ware testified the Cut Mart was a "hangout" and "plenty of people were there"; (3) Davis did not identify Wren as one of the four black males in the store who were talking among each other; and (4) Ware's testimony is the only available

---

1. Q. "Okay, ... you said Michael Wren was there [in Cut Mart], was Michael Wren, [defendant] and Bobby Selby, all of them together at the same time?"

   A. *"I don't think so."*

   Q. "You don't? Were they all standing around in the same place?"

A. "Yeah; like I say, people like to hang out there, *and I don't know if they was together or not.* Like I said, I was by myself. I was walking down the street, coming in to fill out an application, and, see, I was just hanging by myself. So I came in to fill out an application and get me a soda. *So I don't know if they was together or not."* (Our emphasis).

source of circumstantial evidence that Wren could have acted with defendant. Hence, the evidence is insufficient to support a finding defendant acted in concert with Wren.

The only theory of guilt presented in the state's opening statement, that defendant, Selby and Wren acted together, was not proven. The record is barren of evidence to support the conviction on that theory. Significantly, the evidence would support a reasonable hypothesis of innocence that Wren was merely hanging out at the Cut Mart, became an interested spectator of the events in the store and of the assault, and seized the opportunity to snatch the wallet once defendant and Selby ran away. The circumstantial evidence of the taking does not exclude this hypothesis.

At the time the state prepared to submit the case of robbery it relied on inconsistent, alternative hypotheses of guilt. The court was confronted with direct evidence which conflicted with the theory defendant or Selby stole Ms. Davis' wallet. For that reason the state failed to make a submissible case on this theory. The alternative theory, that Wren acted with defendant and stole the wallet after the assault, was not supported by evidence from which the jury could find Wren acted in concert with defendant. Accordingly, pursuant to the standard of review in a circumstantial evidence case, we hold the trial court erred in failing to accept defendant's motion for directed verdict of acquittal and in submitting the unproven charged crime. Submission of an unproven charged crime was error as a matter of law. However, defendant was not entitled to an acquittal of the charged crime for the limited reason that a lesser included offense, common assault was proven on uncontested facts.

We reverse the judgment of conviction on the crime of robbery second degree and remand to the trial court for further proceedings on the lesser included offense of assault.

GRIMM, Judge, dissenting.

I respectfully dissent. The State made a submissible case of robbery in the second degree. The trial court's judgment should be affirmed.

In reviewing to determine whether the State made a submissible case, "we view the evidence in the light most favorable to the state and accord the state the benefit of all reasonable inferences to be drawn therefrom." *State v. Brown,* 744 S.W.2d 809, 810 (Mo. banc 1988). Based on this standard, the evidence, and the reasonable inferences, disclose the following.

At about 11:30 p.m. on January 18, 1990, victim went to a convenience store to purchase cigarettes and wine. She noticed "four black males about an aisle over from [her], and they were talking amongst each other and making lewd comments about [her]."

Victim identified defendant as one of the black males making comments about her. Another customer identified Bobby Selby as being involved in the conversation. This customer said Mike Wren was in the store when victim came into the store. Although the customer did not think defendant, Bobby Selby, and Mike Wren were all together at the same time, he acknowledged they were all "standing around in the same place." Later, the customer said he did not "know if they was together or not."

As the majority opinion reflects, the assaultive confrontation occurred on the store's parking lot. Defendant's sister testified for the State. She saw her brother hit the victim. The following questions and answers were then asked and given:

Q. Was there anybody else there?

A. Yes, Bobby and Mike Wren.

Q. Okay, now, where were they?

A. Mike Wren was closer. He was out from Johnny and Bobby, but he was close by.

Further, defendant's sister said that as she was nearing the convenience store, Shawn Crawford called her to come over to a car. She testified, without objection, that she asked Crawford "why was Mike Wren running, and he said Wren supposedly had the purse—the pouch."

## I.

The majority opinion states "the verdict rests upon circumstantial evidence." As a result, it concludes this is a circumstantial evidence case which "requires the facts so proven to be consistent with each other and the state's hypothesis of guilt" and the "evidence also must be inconsistent with innocence and preclude a reasonable hypothesis of innocence." *State v. Smith*, 822 S.W.2d 911, 912 (Mo.App.E.D.1991).

Missouri does recognize a "circumstantial evidence rule." The rule provides "that when a conviction is dependent upon circumstantial evidence and evidence of a defendant's agency in connection with the crime charged is entirely circumstantial, the facts and circumstances relied on by the State must not only be consistent with each other and with the hypothesis of defendant's guilt, but must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence." *State v. Gonzales*, 533 S.W.2d 268, 272 (Mo.App.S.D. 1976).

The "circumstantial evidence rule," however, governs "only those cases founded *entirely* upon circumstantial evidence." *State v. Nickens*, 701 S.W.2d 478, 486 (Mo. App.W.D.1985) (emphasis original). Or, as this court said in *State v. McClure*, 504 S.W.2d 664, 667 (Mo.App.E.D.1974), "This rule is applicable only where the evidence of the defendant's agency in connection with the crime charged is entirely circumstantial." See also *State v. Rocha*, 526 S.W.2d 834, 836 (Mo.App.E.D.1975); *State v. Scott*, 699 S.W.2d 760 (Mo.App.W.D. 1985); *State v. Ritterbach*, 637 S.W.2d 820, 822–823 (Mo.App.S.D.1982); and Notes on Use to MAI–CR 3d 310.02.

Here, defendant is charged with second degree robbery. Robbery involves the use or threatened use of physical force upon another person. Sections 569.030 and 569.010(1), RSMo 1986. There was substantial, direct evidence of defendant's personal use of physical force on victim. As a result, this case is not "entirely circumstantial." The "circumstantial evidence rule" is not applicable to this review of defendant's conviction.

## II.

The State charged defendant, "either acting alone or knowingly in concert with another," with second degree robbery. Pursuant to this charge, the verdict director, patterned after MAI–CR 3d 304.04 and 323.04, submitted that defendant "or another person or persons took a billfold" owned by victim.

This instruction does not require the jury to find that a particular person took the billfold. Whether the jury believed (1) from circumstantial evidence that (a) defendant or (b) Selby took the billfold, or (2) from direct evidence that Wren took the billfold is immaterial. All that is required is for the jury to find that defendant *or* another person took the billfold.

This verdict director also submitted that the use of physical force was "for the purpose of forcing [victim] to drop her billfold in aid of the taking." And finally, the instruction required a finding that defendant "acted together with or aided another person or persons in committing" the robbery. It is these two elements which are the crux of the case. For although defendant admitted in both opening statement and closing argument that he assaulted victim, he contended he was not involved in a robbery.

Defendant, Selby, and Wren were in the convenience store at the time victim was there. The jury could find from the evidence, and the reasonable inferences therefrom, that they were together in the store. There is direct evidence, from defendant's sister, that the three of them were on the parking lot together. Wren was close by when defendant and Selby assaulted victim. Following the assault, all three of them ran away, and victim's purse was missing. There is no testimony that anyone other than defendant, Selby, and Wren was near the victim or her purse during the time when it was taken.

Defendant's contention that he was not involved in the robbery was squarely presented to the jury. First, the jury was given the opportunity to find defendant

guilty of assault instead of robbery. A lesser-included instruction submitting third degree assault was given.

Second, in his closing argument, defendant virtually invited the jury to find him guilty of assault instead of robbery. He argued the lesser-included assault instruction "gives you the opportunity" to find defendant guilty of assault. He continued, saying, "[t]here's plenty of doubt whether there was any purpose or any concerted activity to charge [defendant] with robbery." The jury, however, by its verdict, rejected this argument and found defendant acted together with or aided another person or persons in committing the robbery.

Finally, it should be noted that the majority opinion, in effect, acknowledges, but for the circumstantial evidence rule, the fact victim did not see anyone on the parking lot except defendant and Selby, and the fact the billfold was quickly missed, is "sufficient to make a submissible case" of robbery. *Smith*, 822 S.W.2d at 913. I agree. Because the "circumstantial evidence rule" is not applicable here, this evidence was sufficient to make a submissible case. That other evidence, if believed, conflicts is not unusual, nor does it effect the determination of submissibility.

The judgment should be affirmed.